## 17738

Henry Lyndal LEE, Jr., Respondent, v. Jacqueline S. LEE, Appellant

(118 S. E. (2d) 171)

*George W. Keels, Esq.,* of Florence, *for Appellant.*

*Messrs. James P. Mozingo III, Benny R. Greer* and *Archie L. Chandler,* of Darlington, *for Respondent,*

January 24, 1961.

Moss, Justice.

Henry Lyndal Lee, Jr., the respondent herein, brought this action against Jacqueline S. Lee, the appellant herein,

for a divorce upon the ground of adultery. Section 20-101-(1), 1952 Code of Laws of South Carolina. The appellant answered and denied the allegation of the complaint that she was guilty of adultery, and asserted affirmatively that the respondent was guilty of adultery, and such barred him from obtaining the divorce decree.

The cause was heard by the Honorable Malcolm K. Johnson, Judge of the Civil Court of Darlington County, without a reference. After the trial Judge had heard the evidence, he entered a decree holding that the appellant was guilty of adultery and that the respondent was entitled to a divorce on such ground. He awarded custody of one child to the respondent and the other two children to the appellant, and provided that the respondent should pay to the appellant for the support and maintenance of the two minor children, the sum of $80.00 per month and in addition thereto the sum of $250.00 on September 1, and a like sum on December 15 of each year, or a total of $1,460.00 per year. He also granted visitation rights to the parties. From this decree the wife has appealed, claiming that the charge of adultery was not established by a preponderance of the evidence. She further asserts that the award of support money for the children was totally inadequate to maintain them.

The respondent and the appellant were married on September 6, 1947, and three children were born of the marriage. The parties separated on December 13, 1959, and have not since lived together. The respondent is employed as a game warden and is paid an annual salary of $2,760.00. In addition thereto, he farms with his mother and has a net income of approximately $2,000.00, making a total yearly income of $4,700.00 The appellant is employed at the Hartsville Manufacturing Company and receives, after all deductions, approximately $44.00 per week for her services, or $2,288 per year. The respondent owns the house in which the parties formerly lived and he is making monthly payments on an indebtedness of $19,000.00 thereon. It fur-

ther appears that the respondent, in addition to the amount required to be paid by the trial Judge, also paid for medical attention to one of the children in the custody of the appellant.

This action is one in equity. Section 20-105 of the 1952 Code. Our duty in equity cases to review challenged findings of fact does not require that we disregard the findings below or that we ignore the fact that the trial Judge, who saw and heard the witnesses, was in better position than we are to evaluate their credibility; nor does it relieve the appellant of the burden of convincing this Court that the trial Judge erred in his findings of fact. *Inabinet v. Inabinet,* 236 S. C. 52, 113 S. E. (2d) 66. In the instant case, the trial Judge saw the witnesses, heard the testimony delivered from the stand, and had the benefit of that personal observance of and contact with the parties which is of peculiar value in arriving at a correct result in a case of this character. *Evatt v. Campbell,* 234 S. C. 1, 106 S. E. (2d) 447, and *Meyerson v. Malinow,* 231 S. C. 14, 97 S. E. (2d) 88, 65 A. L. R. (2d) 194.

In the case of *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 335, 15 A. L. R. (2d) 163, it was said:

" 'The proof of adultery as a ground for divorce must be clear and positive, and the infidelity must be established by a clear preponderance of the evidence. The proof must be sufficiently definite to identify the time and place of the offense, and the circumstances under which it was committed. It is not necessary that the fact of adultery be proved by direct evidence, but, as stated *infra* § 139b, it may be sufficiently proved by indirect or circumstantial evidence, or it may be proved by evidence consisting in part of both. However, if after due consideration of all the evidence the proof of guilty is inconclusive, a divorce will be denied * * *.' 27 C. J. S., Divorce, § 139a."

The evidence offered by the respondent to establish the charge of adultery against the appellant was given by one

Dwight Yarborough. He testified that he had been a game warden for twenty-five years; that he was personally acquainted with the respondent and the appellant, and also one Blane McNeese, the alleged paramour of the appellant. This witness testified that on May 18, 1957, between 10:00 and 12:00 o'clock a. m., that he had gone to a wooded area four or five miles South of Florence for the purpose of banding doves, which was a part of his job. He further testified that in going to this wooded area he saw the appellant and one Blane McNeese having sexual intercourse in such area. He further testified that after this act of coition these parties removed themselves from the compromising position and the witness observed the paramour of the appellant adjusting his pants. This witness further testified that when he had finished his work and was returning to Florence, he observed the appellant and Blane McNeese driving towards Florence in her car. He testified that he informed the respondent of the conduct of the appellant and one Blane McNeese on December 16, 1959, after the husband and wife had separated.

The respondent had no actual knowledge of any act of adultery committed by the appellant. However, he did testify that his wife was never at home when she should be and that she was out all the time at night when she was off from work. He further said that while he was working at a booth at the Florence County Fair he observed his wife and another woman attending the fair with Blane McNeese.

Blane McNeese testified in behalf of the appellant and denied having sexual relations with her. However, he admitted that he had known the appellant for twelve years and lived within four blocks of the residence of the parties to this action. He says that after the separation of the respondent and appellant "I admitted to him that I had been off with her." He explained that he meant by this admission that on two occasions the appellant had taken him to work and on another occasion had brought him back home

from work. This witness was also asked on cross examination if he had been guilty of adultery with the appellant, would he admit it? In response to this question, he said, "I think it would be a mighty sorry man that would, don't you?" He was further asked if it were true would he admit it in the presence of the appellant and the respondent. He answered, "I would not admit it to no one under oath." This witness also testified that he was employed by Sonoco Products at Hartsville, South Carolina, and produced a punch clock slip showing that on May 18, 1957, that he went to work at 6:47 o'clock a. m. and punched out from his work at 3:08 p. m. There were no other witnesses produced to substantiate the presence of this witness at work on the day in question.

The appellant testified that she knew Blane McNeese, that he was a mighty good friend of their family, but she denied having sexual relations with him at any time, and particularly with reference to the time and place testified to by the witness Yarborough. In her testimony she accused the respondent of having an affair with a certain married woman and that she with her father and mother, between the first and second hearings in this case, found him in a secluded spot in the woods, in the front seat of his car, with this woman and "they were hugging or kissing, or whatever you want to call it." There was no testimony of any act of adultery of the respondent with this woman.

The crucial issue in this case in the credibility to be given to the testimony of the appellant and of McNeese, her alleged paramour. The trial Judge did not credit the testimony of these two witnesses. However, he did accept as true the testimony of the witness Yarborough as to the adulterous act engaged in by the appellant and McNeese. The testimony, as given by the witness Yarborough was clear and positive. He definitely identified the parties and the time and place of the alleged act of adultery on the part of the appellant and McNeese. The trial Judge saw the witnesses, heard their testimony delivered from the stand, and

had that personal observance of and contact with them, which is of peculiar value in arriving at a correct result.

The appellant does not contend that the findings of the trial Judge are without evidentiary support but she does insist that the testimony offered by the respondent does not establish by a preponderance thereof that she was guilty of adultery. A "preponderance of the evidence" stated in simple language is that evidence which convinces as to its truth. *Frazier v. Frazier,* 228 S. C. 149, 89 S. E. (2d) 225, 234. A preponderance of the evidence is not made out by the greater number of witnesses. *James v. Gaffney Mfg. Co.,* 158 S. C. 386, 155 S. E. 588. In the cited case the trial Judge charged the jury that they might find the truth to lie in the mouth of a single witness. In the instant case the trial Judge has found, as he had a right to do, that a preponderance of the evidence was made out by the witness Yarborough. We cannot say that the trial Judge was in error in so doing. We think there was credible evidence upon which the trial Judge could conclude that the appellant was guilty of adultery.

The only other question to be determined on this appeal is whether the trial Judge was in error in granting only $80.00 per month, and $250.00 on September 1, and December 15 of each year, for the support of the two girls whose custody was awarded to the appellant. She asserts that this amount of support money is totally inadequate to maintain the two children.

The appellant was not entitled to any support from the respondent because alimony cannot be granted to an adulterous wife. Section 20-113, Code of 1952. However, the legal liability of the father to support his infant children remains after a divorce. *Campbell v. Campbell et al.,* 200 S. C. 67, 20 S. E. (2d) 237. Since the custody of two of the children of this marriage was awarded to the appellant, she was entitled to a reasonable amount for their support, in accord with the husband's ability to pay.

*Wolfe v. Wolfe,* 220 S. C. 437, 68 S. E. (2d) 348. The amount of the allowance for the support of minor children of divorced parents is generally within the sound discretion of the Court and all the circumstances of the particular case should be considered in fixing it.

The respondent earns approximately $4,760.00 per year. From this sum he is paying $1,460.00 for the support of the two minor children now in custody of the appellant. This leaves the respondent the sum of $3,300-.00 to support himself and the child whose custody he has, and to make payments on an indebtedness of $19,000.00, owed for the construction of a home. The appellant has $2,-288.00 net income from her employment and this with $1,-460.00 paid to her by the respondent amounts to the total of $3,748.00 for the support of herself and the two children. The appellant admits that in addition to the amount so paid under the order of the trial Judge for the support of the two minor children whose custody she has, that the respondent has paid the medical expenses of one of these children. We think that the trial Judge exercised a sound discretion in the award made to the appellant for the support of the two minor children whose custody is with the appellant. We find no error. Of course, this adjudication is not final in the face of changed conditions and circumstances which may be made the grounds for future application to the Court for the modification of the allowance for support of these two children. Section 20-115, of the 1952 Code.

The judgment of the lower Court is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.