18865

Carol Jones MANN, Respondent, v. Franklin M. MANN, Sr., Appellant

(165 S. E. (2d) 632)

*Thomas W. Whiteside, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Kale R. Alexander* and *David A. Fedor,* of
Columbia, *for Respondent,*

January 30, 1969.

*Per Curiam.*

Carol Jones Mann, the respondent herein, and Franklin
M. Mann, Sr., the appellant herein, were married on March
3, 1963. One child was born of this marriage and he was
four years of age on December 8, 1968.

The parties separated on April 11, 1967, and thereafter,
the respondent instituted an action for divorce *a mensa et
thoro,* and allied relief, in which she alleged, *inter alia,*
abusive treatment of her by the husband. The husband, by
way of cross action, sought a divorce *a vinculo matrimonii*
from his wife on the ground of adultery. Section 20-101
(1) of the Code. Both parties ask custody of the minor
child.

The case was referred to the Master in Equity for
Spartanburg County and after hearing the testimony he
filed his report in which he found that the husband was
entitled to a divorce from his wife on the ground of adultery
and that he was entitled to the custody of the minor child.
The wife appealed from the aforesaid Master's report to the
Judge of the Juvenile and Domestic Relations Court of
Spartanburg County. This court sustained the report of
the Master. In the decree, the Judge of the Juvenile and
Domestic Relations Court awarded a divorce to the husband
on the ground of adultery and granted custody of the minor
child to the husband, with visitation privileges to the wife.
The wife, upon exceptions, appealed to the Circuit Court of
Spartanburg County and such appeal came on to be heard by
The Honorable Wade S. Weatherford, Jr., Resident Judge.
Thereafter, on September 25, 1968, he issued an order

reversing the decree of the Juvenile and Domestic Relations Court, holding that the appellant had failed to prove by a clear preponderance of the evidence that the respondent was guilty of adultery. He further held that the respondent was entitled to the permanent custody of the infant child of the marriage. The case was remanded to the Juvenile and Domestic Relations Court for the purpose of determining reasonable visitation rights for the appellant with his infant son, and to fix a proper amount for the support of the wife and the child, and also to determine what fees should be allowed to counsel for the respondent. It is from this decree that this appeal is prosecuted.

The sole question for determination here is whether there was error on the part of the trial judge in holding that the appellant had failed to prove by a clear preponderance of the evidence that his wife was guilty of adultery.

We held in *Odom v. Odom,* 248 S. C. 144, 149 S. E. (2d) 353, that:

"The proof of adultery as a ground for divorce must be clear and positive and the infidelity must be established by a clear preponderance of the evidence. The proof must be sufficiently definite to identify the time and place of the offense, and the circumstances under which it was committed. It is not necessary that the fact of adultery be proved by direct evidence, but it may be sufficiently proved by indirect or circumstantial evidence, or it may be proved by evidence consisting in part of both, however, if after due consideration of all the evidence proof of guilt is inconclusive, a divorce will be denied. *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163; and *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171."

We have reviewed the entire record in this case in the light of the foregoing rule and conclude that the trial judge was correct in holding that the appellant had failed to prove by a clear preponderance of the evidence that his wife was guilty of adultery. A detailed review of the evidence in this

case would serve no useful purpose and we refrain from so doing.

The order of this court in staying the proceedings in the lower court until this appeal could be heard is vacated and declared to be of no further force and effect.

The order appealed from is affirmed and this case remanded to the lower court for disposition in accordance with the order of the trial judge.

LITTLEJOHN, J., did not participate in the decision of this case.