### 19554

Ruth H. ALLBRITTON, Respondent, v. Hoyt G. ALLBRITTON, Appellant

(194 S. E. (2d) 197)

62

*Messrs. Paul N. Uricchio, Jr.,* and *Arthur G. Howe,* of Charleston, *for the Appellant,*

*Messrs. Morris D. Rosen* and *Marvin I. Oberman,* of Charleston, *for the Respondent,*

January 22, 1973.

*Per Curiam.*

This is an action for separate support and maintenance, the parties being approximately 50 years of age; their marriage being the second one for each of them, and no children being involved. The wife's complaint alleged in substance that the appellant husband was an excessive user of alcohol; was guilty of physical cruelty to the wife and had threatened her with serious bodily harm, all of which was denied by the husband. The action was referred to the Master in Equity for Charleston County, who held references therein and filed a report in which all pertinent findings of fact were favorable to the husband and adverse to the wife. Upon exceptions to the master's report, the county judge made independent findings of fact contrary to those of the master, and held the wife entitled to separate support and maintenance and attorney's fees. From such order the husband now appeals.

In equity cases it is the duty of this Court to review challenged findings of fact as well as matters of law, and this is, of course, true where, as here, the master and the judge have disagreed and made contrary findings on material factual issues. But such duty on our part does not require that we disregard the findings of the court below; nor does it relieve the appellant of the burden of convincing this Court that the trial judge committed error in his findings of fact. See various cases collected in West's South Carolina Digest, Appeal and Error, Key Nos. 901, 994(3), 1009(1), 1022(4).

We have carefully scrutinzed and considered all of the evidence, some of which is rather sordid, and concluded that no useful purpose could possibly be served by restating and analyzing the testimony. We think it sufficient to say that the appellant has failed to discharge the burden of convicing this Court that the trial judge erred in his findings of fact. As might be expected, the evidence

is in sharp conflict in some respects, but the order of the lower court reflects a careful analysis of such conflicting evidence and the inferences logically and reasonably drawn therefrom. Far from being convinced of error on his part, we are of the view that the preponderance of the evidence supports his key findings of fact to the effect that the separation of the parties did not result from disqualifying fault on the part of the wife, and that the husband's excessive drinking, the infliction by him of physical violence and personal indignities upon the wife were such that she should not be expected or required to further endure them.

The husband complains of the provisions of the decree ordering him to pay separate support and maintenance in the amount of $550.00 per month, and to transfer to the wife title to the Chevrolet automobile already in her possession and long since furnished her for her use. As to the amount of monthly support, he argues that such was arbitrary and that there is no evidence of either the wife's needs or the husband's ability to pay. We think there is no merit in such contention. The evidence is that the wife has no other means of support; that the husband has an income of approximately $24,000.00 a year, and, moreover, the support provisions of the decree are not substantially variant from the order for temporary support, when the two are analyzed and compared. Such temporary order, dated May 30, 1969, was consented to by the husband, evincing a concession on his part that the provisions thereof were reasonable. As to the Chevrolet automobile, the husband urges that it was error to order him to transfer the title to the same to his wife in that he did not own the same. The record indicates that title to the automobile was in a corporation controlled by the husband, rather than in the husband individually. It is thus apparent that the husband would incur no particular difficulty in obtaining and transferring to the wife title to the automobile long since furnished her for her use.

We deem all exceptions of the appellant to be without merit and the judgment below is accordingly

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.