20507

Mary Ann GILL, Appellant, v. Charles GILL, Respondent.
(237 S. E. (2d) 382)

*John B. Culbertson, Luther C. Elrod, III, and John B. Duggan,* of Greenville, *for Appellant,*

*Long and Whitney,* of Union, *and O. Eugene Powell, Jr., of Donelon & Donelon,* Columbia, *for Respondent,*

September 8, 1977.

NESS, Justice.

Appellant, Mary Ann Gill, instituted divorce proceedings against respondent, Charles Gill, and sought custody of the couple's child, alimony, and support. Subsequently, appellant amended her complaint to seek a separation rather than a divorce. Respondent counterclaimed for a divorce on the ground of physical cruelty.

Respondent was granted a divorce on the basis of physical cruelty by the wife. We reverse.

Physical cruelty by a spouse which justifies the granting of a divorce in this State, has generally been defined as "actual personal violence, or such a course of physical treatment as endangers life, limb or health, and renders cohabitation unsafe." *Brown v. Brown,* 215 S. C. 502, 508, 56 S. E. (2d) 330, 333 (1949). See also *Crowder v. Crowder,* 246 S. C. 299, 143 S. E. (2d) 580 (1965). While there is no specific test for determining whether or not certain acts constitute physical cruelty, it has been repeatedly stated that not every slight violence committed by the husband or wife against the other will authorize a divorce on this ground. *Brown, supra; Barstow v. Barstow,* 223 S. C. 136, 74 S. E. (2d) 541 (1953).

In this case, respondent alleged several acts of physical cruelty by the wife to establish his grounds for divorce. One instance involved a confrontation at a motel where respondent was staying with another woman. There was conflicting testimony as to whether appellant physically attacked respondent upon confronting him there. In

any event, respondent admitted that he was not particularly afraid of his wife on that occasion.

Another alleged attack occurred following a similar incident at the motel. The parties left the motel in two vehicles, with appellant's car following respondent's truck. A short distance from the motel, appellant allegedly intentionally crashed her car into the back of respondent's truck, damaging both vehicles and injuring herself. The testimony surrounding this event is contradictory, the appellant contending the respondent forced the collision by suddenly applying his brakes.

Respondent also alleged that his wife threatened him with a pistol on one occasion. However, the "pistol" was actually a BB or pellet gun.

While acknowledging that a wife may be capable of inflicting acts of physical cruelty upon a husband, this Court has held that:

"[S]light acts of violence by a wife from which the husband can easily protect himself do not constitute physical cruelty entitling him to a divorce." *Barstow, supra,* 223 S. C. at 142, 74 S. E. (2d) at 543-544. See also 27A C.J.S. Divorce § 26.

Although the evidence reveals a deplorable state of affairs between the parties, it does not show that respondent had sufficient reason to apprehend danger to his life, limb or health. In nearly every instance, the conduct of the appellant was provoked by the acts of her husband.

The evidence shows that appellant is willing to continue her marital relations with respondent. She seeks a separation rather than a divorce.

In view of the nature of the alleged acts by the wife and the testimony surrounding those acts, we do not believe the husband should have been granted a divorce on the ground of physical cruelty. Accordingly, the order granting respondent a divorce is reversed.

The lower court also erred in denying appellant's request for periodic alimony. The decision of the trial court was based on fault of the appellant. In view of our holding, the support to which the appellant is entitled should be decided on the basis of her no-fault. We believe appellant is entitled to reasonable periodic support as she has done nothing to forfeit her right to maintenance. It would be unjust and improper to relieve respondent of all future support and obligation toward his wife.

We do not now decide how the property should be divided according to equitable principles. Traditionally, lump sum awards of alimony in actions for separate support and maintenance were not favored (see *Matheson v. McCormac,* 186 S. C. 93, 195 S. E. 122 [1938]), although they would be ordered when consented to or in exceptional situations. Here, however, appellant has a substantial interest in the property involved, and she could, by petition in this action, have this matter determined. *Moyle v. Moyle,* 262 S. C. 308, 204 S. E. (2d) 46 (1974).

For the reasons stated, we reverse the order of the trial court, and remand the case with the direction that the trial court:

(1) Dismiss the counterclaim of the respondent;

(2) Determine and allow a reasonable and just amount for support to the wife for her separate maintenance, the payment of the same to begin as of February 6, 1976, and continue until the further order of the court;

(3) Determine other matters raised by the pleadings.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.