20547

Judy B. WOOD, Appellant, v. William Thomas WOOD, Respondent.

(239 S. E. (2d) 315)

*Julius B. Aiken,* of Greenville, *for Appellant,*

*Abrams, Bowen, Robertson & Tapp,* of Greenville, *for Appellant,*

November 28, 1977.

GREGORY, Justice.

. _Mrs. Wood appeals from the order of the lower court denying her prayer for a divorce and alimony and awarding custody of the couple's child to Mr. Wood. Appellant also contends the lower court erred by awarding her only $200.00 as attorney's fees. We reverse on the issues of custody and attorney's fees and remand for the establishment of visitation rights for Mr. Wood and awards of child support and attorney's fees for Mrs. Wood.

Because this equity action was tried by the judge without a reference this Court will review the entire record for the purpose of determining the facts in accordance with our own view of the preponderance of the evidence. *Allbritton v. Allbritton*, 260 S. C. 61, 194 S. E. (2d) 197 (1973).

Mr. and Mrs. Wood were married in 1967 and one male child was born to this union in April 1969. At the time of the marriage Mr. Wood was attending Furman University and the family was supported in part by the efforts of Mrs. Wood. Mr. Wood attended Furman for only a year and a half and did not graduate.

At some point in the marriage Mr. Wood disassociated himself from his church and began to use alcohol, at times to excess. Mrs. Wood and several other witnesses testified that on occasion Mr. Wood physically abused his wife to some extent, although this testimony was disputed by Mr. Wood. Mrs. Wood left the marital home on three different occasions with the third and final separation occurring on October 18, 1975. Mrs. Wood left the minor child with Mr. Wood each time she departed.

Prior to the final separation Mr. and Mrs. Wood signed an agreement dated August 6, 1975, whereby it was agreed Mr. Wood would have custody of the child and Mrs. Wood would have liberal visitation rights.

On October 18, 1975, Mrs. Wood filed suit against her husband seeking a divorce *a vinculo matrimonii* on the ground of physical cruelty. Almost simultaneously, Mr. Wood brought an action seeking an order of separate maintenance. Because Mrs. Wood commenced her suit first, and by agreement of counsel, the trial judge treated Mr. Wood's complaint as an answer and counter claim, and Mrs. Wood's complaint as a reply.

A hearing was held on October 29, 1975, and by temporary order dated November 3, 1975, the lower court awarded custody of the minor child to Mr. Wood and denied Mrs. Wood's request for temporary support and maintenance. At this hearing Mrs. Wood testified she signed the August 6 custody agreement voluntarily.

The final hearing took place on January 28, 1976 and extensive testimony was taken. By order dated April 30, 1976, the lower court denied Mrs. Wood's prayer for a divorce; awarded custody of the minor child to Mr. Wood with visitation rights for Mrs. Wood; denied alimony and support for Mrs. Wood; and ordered Mr. Wood to pay $200.00 attorney's fees to Mrs. Wood's attorney. Contrary to her testimony at the first hearing, Mrs. Wood testified at this hearing she signed the August 6 custody agreement under duress.

Appellant argues the lower court erred by holding she had failed to establish physical cruelty on the part of respondent and thus was not entitled to a divorce.

Physical cruelty by a spouse that justifies the granting of a divorce in this State has generally been defined as "actual personal violence, or such a course of physical treatment as endangers life, limb or health, and

renders cohabitation unsafe." *Gill v. Gill,* S. C., 237 S. E. (2d) 382 (1977). It is well established that not every slight violence committed by the husband or wife against the other will authorize a divorce on this ground. *Gill, supra.*

Here, appellant testified that on numerous occasions over the course of the previous five years respondent had struck her about the face and chest with his fists. Appellant also testified she had received black eyes as a result of these blows, and was frequently bruised about the arms and legs. Several witnesses indicated they had seen bruises on Mrs. Wood's body.

On cross examination Mrs. Wood altered her earlier testimony as to the violent nature of Mr. Wood's attacks and revealed that most of the physical abuse she complained of consisted merely of rough treatment by her husband, or "manhandling." She testified that Mr. Wood would forcibly sit her down in a chair or back her into a corner in an attempt to make her listen to him. Occasionally Mr. Wood would hold her tightly by her wrists, or pick her up bodily. Witnesses on behalf of Mr. Wood testified they had never seen Mr. Wood mistreat his wife physically, and had never seen bruises or other signs of abuse on Mrs. Wood.

Appellant's testimony was contradictory and in large part uncorroborated. As we stated in *Crowder v. Crowder,* 246 S. C. 299, 143 S. E. (2d) 580 (1965):

The burden was upon the wife to establish by the preponderance of the evidence the charges of physical cruelty against her husband. This carried with it the necessity of presenting corroboration of the material allegations of her complaint or an explanation of its absence. *McLaughlin v. McLaughlin,* 244 S. C. 265, 136 S. E. (2d) 537. 143 S. E. (2d) at 584.

The record fails to sustain by the preponderance of the evidence that Mr. Wood made any physical attack upon Mrs. Wood of a violent or serious nature

or that any act of the husband indicated an intention to do serious bodily harm or to cause her reasonable apprehension of serious danger in the future. Mrs. Wood has failed to demonstrate by the greater weight of the evidence that her husband has been guilty of physical cruelty within the meaning of our divorce statute. The lower court was correct in denying Mrs. Wood's prayer for a divorce and alimony.

The central question on appeal is that of the custody of the couple's child. In determining the issue of child custody the paramount consideration is the welfare of the child. *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d) 228 (1975).

Appellant argues that the preponderance of the evidence demonstrates the child's best interests would be served by placing him in the custody of his mother.

The record indicates that Mr. Wood drank heavily in the home, used foul and harsh language in the child's presence, and engaged in a course of offensive conduct that ultimately led to the parties' separation. On the other hand, Mrs. Wood's conduct was always circumspect. Her actions were directed toward preserving the family and she displayed nothing but care and concern for her son.

Mr. and Mrs. Wood are both employed and away from the home during working hours. While in the custody of his father the child has had regular contact with his mother as a result of the present custody arrangement. The child would attend the same school regardless of which parent is awarded permanent custody. Additionally, the child expressed to the court a desire to reside with his mother.

Although both Mr. and Mrs. Wood are devoted parents, we feel the preponderance of the evidence favors appellant as the proper party to receive the custody of this child. Nothing in this case overcomes the preference ordinarily given the mother of a child of tender years. *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916 (1963).

Mrs. Wood next contends the lower court erred by awarding her only $200.00 as attorney's fees. The factors to be taken into consideration in fixing such a fee are the nature, extent and difficulty of the services rendered; the time necessarily devoted to the case; the professional standing of counsel; the contingency of the compensation, and the beneficial results accomplished. *Smith v. Smith,* 253 S. C. 350, 170 S. E. (2d) 650 (1969).

Although the award of attorney's fees is addressed to the sound discretion of the trial judge and will not be disturbed on appeal absent a showing of abuse of discretion, we agree with appellant that the factors existing in this case demonstrate that an award of $200.00 as attorney's fees is so inadequate as to require reversal. The amount of time necessarily devoted to the investigation and preparation of this case, the lengthy court hearings, and the beneficial results accomplished clearly justify the award of a more suitable attorney's fee.

*Mays v. Mays,* 267 S. C. 490, 229 S. E. (2d) 725 (1976).

Accordingly, we reverse the lower court on the issues of custody and attorney's fees, and remand for the establishment of reasonable visitation for the father and appropriate awards of child support and attorney's fees.

Affirmed in Part, Reversed in Part and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.