21895

CAMERON-BROWN COMPANY, Respondent, v.
Frederick F. PORTER a/k/a/ Fredrick F. Porter, Appellant.

(301 S. E. (2d) 762)

*Michael K. Farmer,* Aiken, *for appellant.*

*Arthur D. Rich,* Aiken, *for respondent.*

April 6, 1983.

*Per Curiam:*

The respondent commenced this action to foreclose a mortgage given to it by the appellant in 1976. Since 1964 the appellant has been on active duty with the United States Army. The appellant answered the complaint by seeking a stay of the proceedings under the Soldiers and Sailors Civil Relief Act of 1940 (the Act), 50 U.S.C. App. 501-591 (1976). The circuit court referred the case to a Master, who recommended the action be stayed until the appellant's foreign tour of duty came to an end. The circuit court, however, sustained the exceptions to the Master's Report, denied the stay and ordered the foreclosure. We affirm.

The appellant argues his right to stay is established by section 521:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion,

and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501 to 591 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

The last clause (beginning "unless") allows the court to deny a stay if it finds military service does not hurt the defendant's ability to present a defense to the action. The judge in fact did make that finding. Although we may now review that finding because the judge and the master disagreed, the appellant still has the burden to show the judge's finding was incorrect. *Allbritton v. Allbritton*, 260 S. C. 61, 194 S. E. (2d) 197 (1973). The record and argument do not persuade us the trial judge erred. Accordingly, we affirm the order and judgment.