22333

Jeffrey Hiram ANDERS, Respondent, v. Victoria Labell Watt ANDERS, Appellant.

(331 S. E. (2d) 340)

Supreme Court

*Adam Fisher, Jr.,* and *Rex Carter,* Greenville, *for appellant.*

*William B. Long, Jr.,* and *Kathryn Williams,* of *Foster, Covington & Patrick,* Greenville, *for respondent.*

Heard April 10, 1985.

Decided May 28, 1985.

*Per Curiam:*

In this appeal, as in the trial in the Family Court, two cases have been consolidated. Jeffrey Hiram Anders, husband, is suing his wife, Victoria Labell Watt Anders, for a divorce on the ground of adultery. The wife is suing the husband for a divorce on the ground of physical cruelty. The Family Court Judge granted a divorce to the husband, denied a divorce to the wife, granted custody of the children

born to the marriage to the husband and ordered equitable distribution of the marital assets. The wife has appealed. We affirm.

In her brief the wife frames four questions for determination by this Court: (1) Did the trial judge err in granting the husband a divorce on the ground of adultery? (2) Did the lower court err in failing to grant a divorce to the wife on the ground of physical cruelty? (3) Did the judge err in failing to give custody of the children to the wife? and (4) Did the lower court err in granting the wife only a 25% equitable interest in the marital residence?

The first two questions relate to proof of which of the parties, if either, is entitled to a divorce. When the evidence is in conflict and susceptible of different inferences, as was the case here, it becomes the duty of the trial judge to determine not only the law of the case but the facts as well. He had the benefit of observing the witnesses and attaching to each one's testimony such credence as was due. He obviously found the husband's witnesses and evidence more credible.

The evidence as relates to the charge of physical cruelty against the husband at most shows that on one occasion, at the end of a quarrel, he pushed the wife. In *Gill v. Gill*, 269 S. C. 337, 237 S. E. (2d) 382 (1977), this Court said:

> Physical cruelty by a spouse which justifies the granting of a divorce in this State, has generally been defined as 'actual personal violence, or such a course of physical treatment as endangers life, limb or health, and renders cohabitation unsafe.' *Brown v. Brown*, 215 S. C. 502, 508, 56 S. E. (2d) 330, 333 (1949). *See also Crowder v. Crowder*, 246 S. C. 299, 143 S. E. (2d) 580 (1965). While there is no specific test for determining whether or not certain acts constitute physical cruelty, it has been repeatedly stated that not every slight violence committed by the husband or wife against the other will authorize a divorce on this ground. *Brown, supra; Barstow v. Barstow*, 223 S. C. 136, 74 S. E. (2d) 541 (1953).

The judge correctly applied these propositions of law.

As relates to the wife's proof, the judge said:

Wife has totally failed in her attempt to prove the alleged grounds for divorce based upon physical cruelty. The court finds the action and conduct of the Husband, even if viewed in the light most favorable to the Wife, to be not of the scope and character to warrant the granting of a divorce on the grounds alleged and such is therefore denied.

As relates to the husband's proof of the wife's adultery with Hussein, he said:

... This finding is based upon all the evidence before the Court, which it views as overwhelming. It is of interest to the Court that Mr. Hussein moved into a one bedroom apartment shortly after the separation of the parties. The Court is particularly impressed with the admirable conduct of the Husband when he followed his wife with Mr. Hussein from the nightclub in not taking matters into his own hands, but rather relying on the lawful process of this Court. The Court was unfavorably impressed by the testimony of the Wife when cross examined by Husband's attorney and when examined by the Court concerning the nonavailability of the other parties allegedly at Mr. Hussein's apartment when she was there for a lengthy period of time and into the early morning hours after the separation, and the Court believes that her testimony was false in this regard and specifically so finds.

Counsel argues that the husband has not met the burden of proof concerning the charge of adultery. We disagree. In this case, as is usual, where adultery is charged, the evidence is basically circumstantial. Adultery may be proved by circumstantial evidence, or by direct evidence, or a combination of the two; and circumstantial evidence is just as good as direct evidence if it is equally convincing. *Brown v. Brown*, 215 S. C. 502, 56 S. E. (2d) 330 (1949); *Odom v. Odom*, 248 S. C. 144, 149 S. E. (2d) 353 (1966); *Lee v. Lee*, 237 S. C. 532, 118 S. E. (2d) 171 (1961).

By appropriate exceptions, the wife submits that the trial judge erred in (1) failing to grant to her a divorce on the ground of physical cruelty, (2) in failing to award custody of the children to her and (3) in granting to her only a twenty-

five percent equitable interest in the marital abode.

■ Having found herein that the judge did not err in granting to the husband a divorce on the ground of adultery, it follows that there was no error in refusing her petition for a divorce.

■ As relates to the contention that the judge erred in awarding custody of the children to the husband and in failing to make a more abundant award of the property subject to equitable distribution, a review of the record reveals that the judge was well within his discretionary authority and we find no error.

Affirmed.

GREGORY, Justice (dissenting):

The evidence is grossly insufficient to support a finding of adultery. After the parties separated, appellant was seen on several occasions in local nightclubs and once at another's apartment. The record reflects others may have been present on this single occasion. Such evidence utterly fails to meet the requisite clear and convincing standard to prove adultery by circumstantial evidence. *See Odom v. Odom*, 248 S. C. 144, 149 S. E. (2d) 353 (1966).

I would reverse the order granting the divorce on the ground of adultery. Since the erroneous finding of adultery was an important factor in awarding child custody and equitable distribution, I would reverse both awards and remand for a proper determination of those issues.