THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas Lee Brown, Plaintiff,
 
 
 

v.

 
 
 
 Gina Marie
 (Stiles) Brown, Defendant,
 
 
 

and

 
 
 
 Gina Marie
 (Stiles) Brown, Respondent,
 
 
 

v.

 
 
 
 Myron L. Brown
 & Carol J. Brown, Appellants.
 
 
 

Appeal From Greenville County
 Aphrodite K. Konduros, Family Court Judge
Unpublished Opinion No. 2008-UP-051
Heard December 13, 2007  Filed January
 14, 2008
AFFIRMED 

 
 
 
 Richard L. Patton, of Greer, for
 Appellants.
 Kenneth C. Porter, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  In
 this divorce action between Thomas (Husband) and Gina (Wife) Brown, Husbands
 parents, Myron and Carol Brown (the Browns), appeal the family courts order
 assessing a portion of Wifes attorneys fees against them.  Further, the
 Browns contend the family court erred in finding they were not entitled to an
 equitable interest in Husband and Wifes house (the House).  We affirm.
FACTS
Husband and Wife were married in Ohio on November 27, 1982, and they moved to Greenville, South Carolina in 1985.  In
 1989, Husband entered into a lease contract with an option to purchase the
 House and 12.9 acres of property in Travelers Rest, South Carolina.  That
 same year, the Browns moved from Florida to Greenville County.  Following their
 purchase of the House, Husband and Wife continued to reside in a house they
 were renting.  In 1992, the Browns moved into the House and from that
 time, they lived there six months out of
 the year without paying any rent.  Many people, including the Browns,
 contributed to renovating the House.  In 1995, Husband and Wife built a new home on the property
 where they resided through the remainder of the marriage.  
Husband filed for divorce on November 14,
 2000 on the grounds of adultery.  On January 9, 2001, Wife filed an answer and
 counterclaim, seeking affirmative relief.  This action was administratively
 dismissed, and a new action was commenced to litigate the remaining issues
 between the parties.  Wife filed an answer on June 18, 2002, which incorporated
 her previous answer and counterclaim.  Thereafter, on June 22, 2002, she filed
 an amended answer and third-party complaint, in which Wife alleged the Browns
 were necessary parties to the divorce action because Husband and the Browns had
 common financial interests, and Wife believed they might claim an interest in
 the House and property surrounding the marital residence.  Pursuant to a
 consent order filed on February 21, 2003, Wifes action against the
 Browns was consolidated with the divorce action.  
On May 12, 2003, Wife filed a motion to
 compel discovery against the Browns, which the family court granted.  On
 October 6, 2003, the family court issued a consent order requiring the Browns
 to pay Wife $1,235 in attorneys fees and costs based on the prior motion to
 compel.  
At the final hearing on February 7 and 8,
 2006, the family court found the Browns had no interest in the House.  Further,
 the family court ordered the Browns to pay $5,006.60 of Wifes expert witness
 fee and $5,000 of Wifes attorneys fees.  The Browns filed a Rule
 59(e), SCRCP, motion to alter or amend the judgment, generally disputing the
 assessment of attorneys fees against them.[1]  The family court denied the motion.  This appeal followed.
STANDARD OF REVIEW
On
 appeal from a family court order, this Court has authority to correct errors of
 law and find facts in accordance with its own view of the preponderance of the
 evidence.  E.D.M. v. T.A.M., 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992).  When
 reviewing decisions of the family court, we are cognizant that the family court
 had the opportunity to see the witnesses, to hear the testimony delivered from
 the stand, and had the benefit of that personal observance of and contact with
 the parties which is of peculiar value in arriving at a correct result in a
 case of this character.  DuBose v.
 DuBose, 259
 S.C. 418, 423, 192 S.E.2d 329, 331 (1972) (internal citations omitted).  When
 the evidence is conflicting and susceptible of different inferences, the family
 court has the duty of determining not only the law of the case, but the facts
 as well, because it had
 the benefit of observing the witnesses and determining how much credence to
 give each witnesss testimony.  Anders v.
 Anders, 285
 S.C. 512, 514, 331 S.E.2d 340, 341 (1985); see also Woodall v. Woodall, 322
 S.C. 7, 10, 471 S.E.2d 154, 157 (1996) (holding when
 evidence is disputed, the appellate court may adhere to the family courts
 findings).  
LAW/ANALYSIS
I.  Attorneys Fees
The Browns argue
 the family court abused its discretion in ordering them to pay part of Wifes attorneys
 fees and costs.  Specifically, the Browns contend the family court erred
 because (1) Wife failed to plead attorneys fees against them; (2) they were a
 third-party defendant; and (3) the fees were excessive.  
This
 issue is not preserved for our review.  Our review of the record reveals that
 the Browns did not raise these specific arguments to the family court.  At no
 time did the Browns object to the introduction of Wifes evidence relating to attorneys
 fees and costs.  The family court never ruled on these issues, and while the
 Browns briefly argued the fees were punitive in nature in their Rule 59(e),
 SCRCP, motion to alter or amend the judgment, the remaining issues presented on
 appeal were not argued in the motion.  Further, counsel for the Browns conceded
 at oral argument that the issue of attorneys fees was not raised at trial.  See In re Michael H., 360 S.C.
 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be
 raised for the first time on appeal.  In order to preserve an issue for appeal,
 it must be raised to and ruled upon by the trial court.).  Thus, the Browns failure to adequately raise these
 issues precludes review on appeal.  
II.  The House
The Browns contend the family court erred in finding
 they did not have an equitable interest in the House.  We disagree.
The
 family court has exclusive jurisdiction to hear and determine actions for settlement of
 all legal and equitable rights of the parties in the actions in and to the real
 and personal property of the marriage . . . .  S.C. Code Ann. § 20-7-420(A)(2)
 (Supp. 2006).  Section 20-7-473 of the South Carolina Code (Supp. 2006)
 defines marital property as all real and personal property which has been
 acquired by the parties during the marriage and which is owned as of the date
 of filing or commencement of marital litigation as provided in § 20-7-472
 regardless of how legal title is held . . . .  However, [t]he court does not
 have jurisdiction or authority to apportion nonmarital property.  § 20-7-473.
Section
 20-7-420(A)(19) grants the family court exclusive jurisdiction:

 to bring in and
 make parties to any proceedings pending in the court any person or persons . .
 . whose presence to the proceedings may be found necessary to a complete
 determination of the issues therein, or the relief to which the parties
 thereto, or any of them, may be entitled . . . .

In the past, subsection (19)
 has been construed to grant authority over third parties when property claimed
 to be marital was titled in a third partys name.  Heape, 335 S.C. at
 423, 517 S.E.2d at 2 (citing Sexton v. Sexton, 298 S.C.
 359, 380 S.E.2d 832 (1989) (holding the family court has jurisdiction to
 join third parties when property is alleged to be marital but is owned by a
 third party)).
In
 the present case, the Wife sought an interest in the House, which was titled in
 Husbands name, alleging it to be marital property.  The Browns asserted they
 were entitled to an equitable interest in the property because they made the
 $7,000 down payment on the House.  Accordingly, because the Browns had a
 potential interest in the House, the family court properly made them parties to
 the divorce action to determine if the House was marital property.
The
 family court properly concluded the Browns had no legal interest in the House.  Because the family court is in a superior position to judge the
 witnesses demeanor and veracity, its findings should be given broad
 discretion.  Scott v. Scott, 354
 S.C. 118, 124, 579 S.E.2d 620, 623 (2003).  In the present case, the family court found Husband and the Browns were not
 credible.  The Browns asserted Tojali, Inc., a company they founded for
 the benefit of Husband and his siblings, made the $7,000 down payment, thus
 entitling them to an equitable interest in the House.  However, the sole evidence
 corroborating the Browns testimony that Tojali, Inc., made the down payment
 was the testimony of Husband.  Further, while the Browns claim they are
 entitled to an interest in the House, they never asserted ownership of the
 House during their bankruptcy proceedings. 
Additionally, Husband and Wife purchased the surrounding property and the House during
 their marriage.  Both the contract to purchase the House and the title to the
 House and surrounding property were in Husbands name.  Even if the Browns made
 the initial down payment, Wife testified that she and Husband used marital
 funds to make the mortgage payments and pay down the debt on the House.  While
 the Browns contributed with other family members to repairing and cleaning the House
 over the years, Wifes brother-in-law testified Husband paid for the
 renovations to the House.   Accordingly, there is insufficient evidence to show
 the Browns made material contributions to the House that would entitle them to
 a special equity interest.  See Webber v. Webber, 285 S.C. 425, 427,
 330 S.E.2d 79, 80 (Ct. App. 1985) (stating under the special equity doctrine,
 Where [one] has made a material contribution to [anothers] acquisition of
 property during [marriage], [that person] acquires a special equity in the
 property.) (internal citations omitted). 
Furthermore,
 in Hayne Federal Credit Union v. Bailey, 327 S.C. 242, 489 S.E.2d 472
 (1997), the Supreme Court was faced with the converse of this factual scenario. 
 There, the father initially failed to assert an interest in property deeded to
 and titled in his sons name and only later claimed an interest in the property
 when creditors foreclosed on it. 327 S.C. at 252, 489 S.E.2d at 477.  The
 Supreme Court judicially estopped the father from asserting ownership in the
 house because in his prior divorce action, he claimed he had no legal interest
 in the property.  Id.  The Supreme Court reinforced its position
 stating, When a party has formally asserted a certain version of the facts in
 litigation, he cannot later change those facts when the initial version no
 longer suits him.  Id.  In the present case, the Browns claim they are
 entitled to share in this marital asset, yet they did not list the House as an
 asset in their earlier bankruptcy proceedings.  Based on the evidence and
 the Browns position in the previous litigation, we find it would be
 inequitable to award the Browns an interest in the House.  
Therefore,
 we find the family court did not err in determining that the Browns did not have
 an equitable interest in the House.
CONCLUSION
Accordingly,
 the family courts order is 
AFFIRMED.[2]
ANDERSON,
 SHORT, and WILLIAMS, JJ., concur.

[1] The Browns argument on attorneys fees in their
 59(e), SCRPP, motion was as follows:  The Courts order requiring the Browns
 to pay half of [Wifes experts] fees and $5000.00 of [Wifes attorneys] fees
 is punitive in nature based on the assumption that the Browns did not make
 these records available when in fact they did.  
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.