18979

Jeannette SMITH, Appellant, v. R. B. SMITH, Respondent.
(170 S. E. (2d) 650)

*Messrs. Pope & Schumpert,* of Newberry, *for Appellant,*

*Richard T. Townsend, Esq.,* of Laurens, *for Respondent,*

*Messrs. Pope & Schumpert,* of Newberry, *for Appellant, in Reply.*

November 5, 1969.

Bussey, Justice.

This is an action for divorce, on the alleged ground of physical cruelty, instituted by the appellant wife on the 21st of November, 1967, and arising primarily out of an occurrence on November 11, 1967. On November 13th, an order of the trial court granted the wife temporary custody of the minor children of the parties. At the instance of the respondent husband, the trial court, on November 28, 1967, issued a rule directing the wife to show cause why the husband should not be granted reasonable rights of visitation. Apparently no hearing was held in connection with said rule, but counsel for the respective parties negotiated an oral agreement whereby, *pendente lite*, the husband was granted certain visitation rights, and agreed to pay $30.00 per week for the support of the two children.

The wife's complaint sought not only a divorce but permanent custody of the children, support for the children, a reasonable attorney's fee, and, specifically, an order of the court enjoining the husband from visiting her home or threatening, molesting, or harassing her or her family in any way. As in *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629 (1951), the allegations of the complaint were appropriate to an action for separate maintenance and support, the only distinction being that the wife here, being gainfully employed and self-supporting, sought support only for the children.

A hearing on the merits was held on April 1, 1968, and, after testimony was taken, oral arguments were heard in the course of which counsel for the wife specifically moved the court that she be granted a legal separation in the event the court concluded that the evidence did not warrant an absolute divorce. On May 20, 1968, the trial court filed a relatively brief order which denied a divorce and dismissed the action without passing upon any of the other issues raised by the pleadings and the evidence.

The order of the trial court contains neither any detailed findings of fact nor discussion of the applicable principles of law. Any and all pertinent findings of fact and conclusions of law on the part of the trial court are embodied in the following brief language:

"* * * the one act of physical abuse (which the plaintiff admits is the only instance in which the defendant has abused her and even this was not without provocation) does not constitute grounds for divorce under the divorce laws of this State, * * *."

The appeal by the wife is based on numerous exceptions and the brief in her behalf states and argues five separate questions, which we, for convenience, reduce to two questions as follows: (1) Was there error in denying the wife a divorce a *vinculo matrimonii*? (2) Was there error in failing to pass upon and/or grant the relief which the wife sought other than the divorce? Since, in our view, the cause has to be remanded to the lower court for further proceedings, we limit our review of the evidence.

The only proved act of physical cruelty by the husband occurred on the night of November 11, 1967, when the husband beat or whipped the wife with a belt. The evidence is in some conflict as to the circumstances and extent of the whipping or beating. While a single act of physical cruelty, and the attendant circumstances may be serious enough to warrant a divorce on the ground of physical cruelty, "It is generally held that a single act of physical cruelty does not ordinarily constitute ground for divorce, unless it is so severe and atrocious as to endanger life, or unless the act indicates intention to do serious bodily harm or causes reasonable apprehension of serious danger in the future. A single act of aggravated cruelty may, however, warrant a divorce if accompained with such precedent or attendant circumstances as to satisfy the court that such acts are likely to be repeated." *Brown v. Brown*, 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163 (1949).

The general rule is that divorce will not be granted on the ground of cruelty when such was provoked by the misconduct of the complainant. The conduct of the party who claims to have been provoked, however, may be out of all proportion to provocation, in which event provocation does not bar action for divorce. *Miller v. Miller,* 225 S. C. 274 82 S. E. (2d) 119 (1954). In the absence of specific findings of fact or discussion of the pertinent principles of law on the part of the trial court, it is impossible for this court to determine whether or not the trial court was, perchance, influenced and/or controlled by error of law in denying the divorce. Did the trial court conclude that a single act of physical cruelty, no matter how violent, could not be the basis for divorce? Did he, perchance, conclude that any slight provocation on the part of the complainant would be a bar? These questions naturally arise from his very brief and incomprehensible order.

The case being one in equity, this court of course has jurisdiction on appeal to find the facts in accord with its view of the preponderance of the evidence. *Odom v. Odom,* 248 S. C. 144, 149 S. E. (2d) 353 (1966); *Todd v. Todd,* 242 S. C. 263, 130 S. E. (2d) 552 (1963). This court, however, in reviewing factual matters in an equity case is not required to disregard findings of fact below and it is quite cognizant of the fact that the trial judge, who saw and heard the witnesses, was in better position than this court to evaluate their testimony and credibility. *Inabinet v. Inabinet,* 236 S. C. 52, 113 S. E. (2d) 66 (1960); *Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961). Under the circumstances of the present case, we do not feel that this court would be warranted in finding the pertinent and controlling facts from a cold record, we not having the benefit of any specific findings of fact by the lower court, nor any expressions from that court evaluating the testimony and credibility of the various witnesses. We are of the view that justice will be served by remanding the cause to the lower court

to the end that specific findings of fact may be made there and a decree entered, either granting or denying the divorce, in accordance with such findings of fact and the pertinent principles of applicable law. We intimate no opinion as to whether or not the wife is entitled to a divorce, holding only that she is entitled to a judicious and comprehensive decision of that issue.

With respect to the other question or questions raised, the trial court was clearly in error in failing to pass upon and grant, in whole or in part, the incidental and/or alternative relief sought by the wife. South Carolina courts may exercise full equity powers in a divorce action; the right and duty to exercise those powers is not dependent upon the success or failure of the action for divorce, and the trial court in the instant case should have decreed appropriate relief for the wife and children, even if she was not entitled to a divorce. *Piana v. Piana,* 239 S. C. 367, 123 S. E. (2d) 297 (1961); *Todd v. Todd, supra; Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123 (1954); *Machado v. Machado, supra.*

The record reflects an increasingly unhappy marriage between the parties for a considerable period of time, which culminated in the events occurring on the night of November 11, 1967. There is evidence of at least emotional instability on the part of the husband, he having admittedly attempted suicide on one occasion and threatened it on others. At the time, the parties were living in a home owned by the wife's father, upon which no rent had apparently been paid for a considerable period of time. Following the altercation on November 11th, the wife's father, with her approval, ordered the husband out of the home.

Both parties to the action are gainfully employed but neither is possessed of any estate of great consequence. The evidence is not too clear as to the liabilities of the respective parties and there is conflicting evidence as to the present earnings of the husband. While he was paying $30.00 a

week for the support of the children, pendente lite, he testified that $20.00 per week should be enough.

Even though the wife may not be entitled to a divorce, she professes, and we think not without some justification, fear for her future safety. The overall situation as reflected by the record is one which is sufficiently fraught with potential danger to entitle the wife to a reasonable order which would protect her in living separate and apart from her husband, free from any molestation or abuse by him. The clear preponderance of the evidence shows that as long as the parties are living separate and apart, the wife is entitled to have the primary custody of the minor children, subject to reasonable rights of visitation on the part of the husband. A decree should have been entered providing for the support of the children, instead of leaving such matter to the voluntary determination of the contending parties. The determination of the precise financial status and earning capacity of the husband, and, hence, a proper amount of support for the children should pose no great difficulty for the lower court.

The trial court was also in error in failing to pass upon the issue of attorney's fees for the wife. The allowance of attorney's fees is a matter addressed to the sound discretion of the court and must be determined in the light of the facts and circumstances of each case. *Bond v. Bond,* 252 S. C. 363, 166 S. E. (2d) 302 (1969). We quote therefrom language quite apropos to the instant case,

"The authority to make an award to the wife for attorney's fees existed as an incident to a determination of each of the separate issues in the action, that is, (1) the action for divorce (Section 20-112, 1962 Code of Laws); (2) the claim for alimony (*Smith v. Smith,* 51 S. C. 379, 29 S. E. 227); and (3) custody and support of the children (*Sovereign v. Sovereign,* 361 Mich. 528, 106 N. W. (2d) 146, 82 A. L. R. (2d) 1083, and the annotation beginning on page 1088)."

Factors to be taken into consideration in fixing such a fee are the nature, extent and difficulty of the services rendered; the time necessarily devoted to the

case; the professional standing of counsel; the contingency of compensation, and the beneficial results accomplished. *Todd v. Todd, supra.*

We take judicial notice that the Civil and Family Court of Laurens is a successor court to the Civil and Domestic Relations Court for Laurens County, in which the present action was initially commenced. Act No. 33, of the 1969 Acts and Joint Resolutions of the General Assembly. The entire cause, is, accordingly, remanded to the Civil and Family Court of Laurens for further proceedings consistent with the views hereinabove expressed. Upon remand, the appellant wife may pursue her claim for divorce, if so minded, or seek only the alternative relief to which she is clearly entitled. In the event she elects to pursue the divorce issue, the trial thereabout should be *de novo* since the judge of the Civil and Family Court of Laurens has not heretofore had the opportunity to see and observe the witnesses for the purpose of evaluating their testimony and credibility.

Reversed and remanded.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.