STATE OF NORTH CAROLINA v. MICHAEL THOMPSON

No. 7415SC400

(Filed 19 June 1974)

1. Criminal Law § 87— leading questions — allowance proper
    The trial court did not abuse its discretion in allowing the prosecuting attorney to ask a State's witness leading questions which did

not relate directly to the events which occurred at the time of the offense charged.

2. **Criminal Law § 87— redirect examination — limitation proper**

The trial court in this assault case did not err in excluding testimony on redirect examination of defendant, since that testimony did not clarify, but directly contradicted his testimony given on his examination in chief, and did not relate to any matter brought out on cross-examination.

ON *Certiorari* to review defendant's trial and conviction before *Bailey, Judge,* 4 June 1973 Session of Superior Court held in ALAMANCE County.

Defendant pled not guilty to an indictment proper in form, charging him with an assault with a deadly weapon with intent to kill inflicting serious injuries. The State presented the testimony of Keith Phillips, the victim of the assault, who testified: He talked with defendant at Cummings High School about whether defendant had been dating Phillips's girlfriend. At that time Phillips saw a pistol inside defendant's jacket. When defendant made a movement "like he was going to get the pistol," Philips hit defendant with his fist and then turned and ran out of the school. Defendant followed and shot Phillips in the back with a pistol, inflicting injuries for which Phillips was hospitalized for four weeks.

Defendant testified that after he followed Phillips out of the school building, Phillips stopped and turned, stating "I've got you where I want you"; that Phillips then put his hand in the pocket of his coat; that defendant saw the handle of a gun, which Phillips appeared ready to withdraw, when defendant fired his own pistol.

Defendant was found guilty of assault with a deadly weapon inflicting serious injury, and judgment was imposed sentencing defendant to prison for the term of not to exceed five years in the custody of the Commissioner of Correction as a "committed youthful offender" for treatment and supervision pursuant to G.S. Chap. 148, Art. 3A. To this judgment, defendant in apt time gave notice of appeal. To permit perfection of the appeal, this Court subsequently granted his petition for writ of certiorari.

*Attorney General Robert Morgan by Associate Attorney General Charles J. Murray for the State.*

*Frederick J. Sternberg for defendant appellant.*

PARKER, Judge.

[1]  Defendant first assigns error to the trial court's action in permitting the prosecuting attorney to ask certain leading questions at the commencement of the direct examination of the State's witness, Phillips. These questions related to the date Phillips came to or had been in Alamance County, and did not relate directly to the events which occurred at the time of the assault. The allowance of leading questions is a matter within the discretion of the trial judge, and his rulings in this regard will not be reviewed on appeal in the absence of a showing of an abuse of discretion. *State v. Bass*, 280 N.C. 435, 186 S.E. 2d 384; 1 Stansbury's N. C. Evidence, Brandis Revision, § 31. No abuse of discretion is here shown.

[2]  On direct examination, defendant testified that he had known the prosecuting witness, Phillips, almost all of his life and that as far as he knew they had had no disagreement prior to the occasion giving rise to the present trial. On redirect examination, defendant's counsel asked him if he had been threatened by the prosecuting witness and whether defendant's brother had worked as a police informant, resulting in the arrest of the prosecuting witness's brother, to both of which questions defendant answered "Yes." The court sustained the solicitor's objections to both questions and allowed his motions to strike the answers. In this, defendant suffered no prejudicial error. As a general rule, the object of redirect examination "is to clarify the subject matter of the direct examination and new matter elicited on cross-examination, and not to produce new evidence, for if new evidence were produced, the adversary would be entitled to cross-examine as to this, and so the examination of witnesses might become interminable." 1 Stansbury's N. C. Evidence, Brandis Revision, § 36. Here, the testimony which was excluded from defendant's redirect examination did not clarify, but directly contradicted his testimony given on his examination in chief, and it did not relate to any matter brought out on cross-examination. Although it was in the discretion of the trial court to permit the scope of redirect examination to be expanded, we can perceive no prejudice to defendant in the court's refusal to do so in this case. Whether the bad feeling between defendant and the prosecuting witness arose from girl trouble or from other causes had no material bearing on defendant's guilt or innocence in this case.

The only remaining assignment of error brought forward and argued in defendant appellant's brief is not sufficiently meritorious to warrant discussion and is also overruled.

No error.

Judges HEDRICK and VAUGHN concur.