20444

Alice B. BAILEY, Appellant, v. Billy Guy BAILEY, Sr.,
Respondent.

(235 S. E. (2d) 801)

*John W. Williams, Esq., of Williams and Williams,* Columbia, *for Appellant,*

*W. L. Cooper, Jr., Esq., of Cooper, Register and Bonnette,* Lexington, *for Respondent,*

June 6, 1977.

GREGORY, Justice:

Mrs. Bailey appeals from a divorce decree of the Lexington County Family Court which provided in part that she be awarded $200.00 per month permanent alimony. The main issue on appeal is the adequacy of the alimony. We find the lower court abused its discretion and reverse.

Mr. and Mrs. Bailey separated in 1971. Mrs. Bailey brought an action for divorce a vinculo matrimonii in 1972, which resulted in a temporary order requiring respondent to pay $525.00 per month support for his wife. The order also provided that Mrs. Bailey would continue to live in the home formerly occupied by husband and wife; she would, however, be required to make the house payments (approximately $118.00 per month). She was to be furnished with a car.

In early 1976 Mrs. Bailey filed an amended complaint, which Mr. Bailey answered and to which he filed a counterclaim. The lower court ordered the matter heard by reference. The Special Referee recommneded that appellant be

granted a divorce on the grounds of three years' separation and that she be provided with alimony of $200.00 per month. He also recommended that she be allowed to continue living in the former marital home. Respondent was to make the house payments and continue carrying hospitalization insurance for appellant. Further, respondent was to transfer title to a 1972 Oldsmobile to her.

The family court accepted these recommendations and issued an order granting the parties a divorce a vinculo matrimonii. The part of the order awarding $200.00 per month alimony is the crux of this appeal.

The judge in a divorce action is given broad discretion in deciding questions of alimony, attorneys' fees, child support and custody, etc. When a judge has concurred with a referee in findings of fact, we will not overturn those findings unless they are without evidentiary support or against the clear preponderance of the evidence. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619 (1965); *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Alimony is to serve as a substitute for the husband's legal duty to support his wife. *Beasley v. Beasley,* 264 S. C. 611, 216 S. E. (2d) 535 (1975). In deciding upon the grant of alimony and the amount to be ordered, the judge should consider the financial condition of the husband and the needs of the wife. *Nienow v. Nienow,* S. C., 232 S. E. (2d) 504 (1977). Also to be considered are all other circumstances of the case, such as the health and age of the parties, their earning capacities, the amount the wife has contributed to their wealth, and standard of living the wife was accustomed to at the time of the divorce, and the conduct of the parties. *Nienow v. Nienow, supra.*

The record is vague on respondent's exact wealth, but does show clearly that he has substantial real property and several partnership interests. He receives, as salary from a building construction partnership,

approximately $14,000.00 net income a year. He also receives about $1,000.00 a year from a partnership that owns a liquor store. His net worth is approximately $50,000—$60,000. The wealth of the husband is an important consideration in fixing the amount of alimony, *Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970).

The record shows that Mrs. Bailey is in her mid-forties and has been afflicted with chronic and acute rheumatoid arthritis for about nine years. She has undergone surgery four times for this condition. Further surgery may be required. She is presently able to walk and get around by herself but is not able to do heavy housework; she needs the help of a maid. As far as it appears in the record, she has not been employed outside the home since her marriage in 1951 and is not now employable because of her severe physical impairment. Furthermore, she has no marketable skills.

The $200.00 per month figure barely provides for the $175.00 the court found appellant needed for food, utilities and incidental medical expenses. The court made no allowance for clothing, travel, entertainment, emergencies, car, church, or other expenses. The $200.00 per month did not, of course, provide appellant with a standard of living similar to that she had at the time of the divorce or separation.

A review of the entire record convinces us that the alimony is not in keeping with the husband's assets, capacity to earn and ability to pay; the failing health of the wife, her needs and accustomed standard of living and her incapacity to earn and provide for herself. We find an abuse of discretion in the alimony award. *Mays v. Mays,* S. C., 229 S. E. (2d) 725 (1976).

In its order, the court referred to the fact that the parties' unmarried 19 year old son and Mrs. Bailey's widowed 66 year old mother live with appellant. These persons did not pay rent to her but apparently made minor financial contributions. The court did not order them

to pay rent, but said it "recognized" that Mrs. Bailey "should require" them to pay her and thus increase her income. The court further said that the alimony would increase to $250.00 per month when and if either the son or mother moved out, and that the alimony would increase to $300.00 per month if both did.

We think these determinations were improper. Generally, because alimony is the replacement for the husband's duty to support his wife, the court cannot consider the contributions of the wife's relatives to her support. 27A C. J. S. Divorce § 233 (6); *Hulcher v. Hulcher,* 177 Va. 12, 12 S. E. (2d) 767 (1941). The parents and emanicipated children of a wife have only a moral duty to contribute to her welfare; the husband has a legal duty and should not be relieved of that duty by the kindness of his wife's relations.

One other issue is presented on appeal: attorneys' fees. The Special Referee recommended $150.00 attorneys' fees and the court awarded appellant $400.00. She contends the $400.00 is inadequate. We find the fee reasonable. However, we direct the court to set a reasonable fee for this appeal and the hearing on remand.

Reversed and remanded for further proceedings in accordance with the views expressed herein with respect to alimony and attorneys' fees.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.