20897

Jeanette D. WINGATE, Appellant, v. Robert L. WINGATE, Jr., Respondent.

(252 S. E. (2d) 916)

Robert E. Salane and Edmund H. Monteith, Charleston, for appellant.

Jan L. Warner, of Sumter, for respondent.

February 26, 1979.

Per Curiam:

This is an appeal by the wife from an order of the lower court denying her request (1) for a divorce from her husband, the respondent, on the grounds of physical cruelty and adultery, (2) alimony, (3) an equitable division of the real and personal property, and (4) appropriate counsel fees. She was granted custody of two minor children, allotment of $550.00 per month for their support, and a lump sum allowance of $10,000.00 for relocation of herself and the children outside the marital residence. All of the provisions of the order of the lower court are challenged in this appeal, except those relating to the custody of the children.

Since, in our opinion, the lower court was clearly in error in refusing to grant the wife's request for a divorce on the ground of the adultery of the husband, we need only consider that issue. Reversal upon that ground requires reconsideration by the lower court of all other issues in the light of such decision.

Respondent and his alleged paramour admit seeing each other several times socially; and it is uncontroverted that respondent spent the night with his paramour on May 6 and 7, 1977. There was credible eye witness testimony to the sexual act between the two. The admitted continuing close social relationship between them added strong support and corroboration to the other evidence of adulterous conduct. A further review of the voluminous record would serve no useful purpose. The overwhelming weight of the testimony, however, is convincing that the trial judge should have granted appellant the requested divorce on the ground of adultery; and that his contrary findings thereabout should be reversed in the exercise of this court's jurisdiction in equity matters to find the facts in accordance with its views of the preponderance of the evidence.