21534

Iva N. DEGLMAN, Appellant, v. Robert J. DEGLMAN, Sr., Respondent.

(281 S. E. (2d) 123)

*Francis T. Draine,* Columbia, *for appellant.*

*John W. Williams,* Columbia, *for respondent.*

July 30, 1981.

GREGORY, Justice:

This appeal contests the adequacy of alimony and attorney's fees awarded appellant Iva N. Deglman by the family court judge. Concluding an abuse of discretion is shown, we reverse.

Appellant was granted a divorce from respondent Robert J. Deglman, Sr. in October of 1978 on the statutory ground

of desertion for more than one year. The family court judge awarded appellant Two Hundred ($200.00) Dollars per month as alimony and Five Hundred ($500.00) Dollars in attorney's fees.

In addition, the decree requires respondent to pay appellant either one-half the proceeds from the sale of the marital home or Seven Thousand Five Hundred ($7,500.00) Dollars. This lump sum payment was to be made within 120 days after the date appellant vacates the residence. She was ordered to vacate by July 15, 1979, approximately nine months from the entry of the decree.

In determining the amount of an alimony award, consideration should be given to such factors as the financial condition of the obligor and the needs of the recipient, the health and age of the parties, their respective earning capacities, the amount the recipient has contributed to their wealth, the standard of living to which the recipient was accusomed at the time of the divorce, and the conduct of the parties. *Nienow v. Nienow,* 268 S. C. 161, 232 S. E. (2d) 504 (1977).

The amount accordingly awarded is left largely to the discretion of the trial judge whose judgment will not be disturbed absent an abuse thereof. *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289 (1979); *Bailey v. Bailey,* 269 S. C. 1, 235 S. E. (2d) 801 (1977). In the case at bar we agree with appellant the award must be set aside.

When the couple married, appellant gave up her position as sergeant in the food services division of the United States Army at the request of respondent. During the marriage of some eighteen years appellant worked only brief periods as a babysitter, newspaper carrier and substitute teacher. She has a high school education and no marketable skills. Her attempts to gain permanent employment have been unsuccessful.

Respondent is a retired major, United States Army. He earns in excess of Two Thousand ($2000.00) Dollars per month from his present employment and Army pension. He owns a furnished condominium, two cars and a boat.

Respondent has no known health problems. To the contrary appellant, who is forty-eight (48) years old, suffers a degenerative spine condition and emotional problems which have required psychiatric attention. She has been unable to obtain health insurance.

Appellant faces a drastic reduction from the standard of living she acquired during the marriage. Moreover, she is forced to make arrangements for new living quarters. Her health is fragile and mental outlook guarded, and her capacity for employment is tenuous.

In *Bailey v. Bailey, supra,* we held the trial judge abused his discretion in awarding only One Hundred Seventy Five ($175.00) Dollars per month as alimony, stating:

"A review of the entire record convinces us that the alimony is not in keeping with the husband's assets, capacity to earn and ability to pay; the failing health of the wife, her needs, and accustomed standard of living and her incapacity to earn and provide for herself."

269 S. C. at 5, 235 S. E. (2d) 801.

So it is here. That respondent was awarded custody of the couple's two children, now ages eighteen and fifteen, does not in light of the remaining considerations justify the decided inadequacy of this alimony award. We hold the amount of alimony awarded appellant constitutes an abuse of discretion.

With regard to the award of attorney's fees, the trial judge made no findings in connection with the factors we outlined in *Nienow v. Nienow, supra,* to be considered in arriving at the award. On remand the court below shall receive such additional evidence as is necessary to en-

able him to make those findings and enter an appropriate award of attorney's fees.

Appellant takes further exception to the trial judge's failure to provide for an increase in alimony after she vacates the marital home. We decline to consider this issue separately, deeming it a more appropriate consideration for the family court in arriving at the entire award on remand.

We reverse the awards of alimony and attorney's fees and remand for further proceedings consistent with this opinion. Appellant's remaining exceptions are without merit, and we dispose of them under our Rule 23.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.