STATE OF NORTH CAROLINA v. EDDIE LARKE PEARSON

No. 8225SC29

(Filed 5 October 1982)

1. **Appeal and Error § 45; Criminal Law §§ 159.1, 166— filing stenographic transcript—failure to attach portions of transcript as appendix to brief**

   Defendant's appeal is subject to dismissal where defendant filed the stenographic transcript of the evidence at trial in lieu of narrating the testimony but failed to reproduce verbatim and attach as an appendix to his brief those portions of the transcript necessary to understand the questions raised as required by App. Rule 9(c)(1) and App. Rule 28(b)(4).

2. **Criminal Law § 87.4— scope of redirect examination—discretion of court**

   The trial court did not abuse its discretion in refusing to permit defendant to expand the scope of redirect examination to include matters not brought out on either direct or cross-examination.

3. **Criminal Law § 102.4— comment by prosecutor—mistrial not required**

   The trial court did not err in the denial of defendant's motion for mistrial after the prosecutor, during questioning of an undercover agent, spilled some marijuana on the witness stand and said, "A little bit a marijuana won't hurt anything, will it?"

**4. Criminal Law § 86.8— contradiction of State's witness on collateral matters**

The trial court did not err in refusing to permit defense counsel to ask a defense witness questions which attempted to contradict a State's witness on collateral matters.

APPEAL by defendant from *Owens, Judge.* Judgments entered 19 June 1981 in Superior Court, BURKE County. Heard in the Court of Appeals 31 August 1982.

Defendant was convicted on eight counts of the sale or possession of controlled substances in violation of G.S. 90-95.

The State's evidence tended to show that defendant sold the drugs to an undercover narcotics agent named Woods.

Judgments were entered imposing seven concurrent sentences of three to five years and one consecutive sentence of three to five years which was suspended.

*Attorney General Edmisten, by Associate Attorney Blackwell M. Brogden, Jr., for the State.*

*Byrd, Triggs, Mull and Ledford, by C. Gary Triggs and Wayne O. Clontz, for defendant appellant.*

VAUGHN, Judge.

[1] We note at the outset that defendant's appeal is subject to dismissal for his failure to comply with the Rules of Appellate Procedure. As permitted by App. R. 9(c)(1), defendant elected to file the stenographic transcript of the evidence at trial in lieu of narrating the testimony. Many of his assignments of error require an examination of the trial record. Defendant did not reproduce verbatim and attach as an appendix to his brief those portions of the transcript necessary to understand the questions raised as is required by App. R. 9(c)(1) and App. R. 28(b)(4). In our discretion, nevertheless, we have considered the appeal on its merits.

[2] The defendant presents ten arguments on appeal. Defendant's first argument is that the trial court erred in restricting the examination of defendant's witness, Hawkins, as to the conduct of Woods, the narcotics agent. Technically, this objection is not reviewable since defendant failed to present for the record what the answer would have been. 1 Brandis on North Carolina Evidence § 26 (1982). Even so, we consider defendant's argument

and conclude that the court did not err. The defense, on redirect examination, attempted to examine Hawkins about several different times Hawkins visited Woods. This line of questioning would have been proper if attempted during direct examination. However, redirect examination is usually limited to clarifying the subject matter of the direct examination, and dealing with the subject matter brought out on cross-examination. 1 Brandis on North Carolina Evidence § 36 (1982). It is in the discretion of the trial court to permit the scope of the redirect to be expanded. *State v. Thompson*, 22 N.C. App. 178, 205 S.E. 2d 772 (1974). We see no abuse of discretion and no prejudice to the defendant.

[3] Defendant's second argument is that the trial court committed prejudicial error by denying defendant's motion for mistrial after the Assistant District Attorney made a "highly inflammatory and prejudicial" remark. This argument is without merit. The remark that the Assistant District Attorney made was neither inflammatory nor prejudicial. What actually happened was that when the Assistant District Attorney was questioning the undercover agent, he spilled some marijuana on the witness stand. He said, "A little bit of marijuana won't hurt anything, will it?" The court then instructed the jury to disregard that remark.

Defendant's third argument is that the trial court committed prejudicial error in refusing to allow testimony about Woods' assault on Hawkins. This argument is without merit. Defendant's question to Woods was objectionable because it was argumentative and a compound question. When defendant broke the question down into a series of shorter questions, it was permitted.

[4] Defendant's fourth argument is that the trial court committed prejudicial error in refusing to allow defendant to question Paulk, the defendant's witness, about Woods getting some money from Paulk. Defendant cross-examined Woods about the money he was given by the police department. Woods stated that he never used marked money. Woods also stated that he never tried to get back any money that he paid Paulk for work Paulk did on Woods' van. Paulk, on direct examination, twice stated that Woods came back to get some money he had given Paulk. He could not, however, recall what year it was. He testified that Woods paid him for some automobile repairs. He was asked if the money had any distinguishing characteristics but did not reply. He denied

that Woods had ever discussed being an undercover agent with him. The court sustained the State's objections to further questions along that line. Defendant's exceptions fail to disclose prejudicial error. In the first place, what the witness' answer would have been was not made a part of the record. Secondly, defendant was apparently trying to contradict Woods on collateral matters, and the judge properly sustained the State's objection. 1 Brandis on North Carolina Evidence § 47 (1982).

We have carefully considered defendant's remaining assignments of error and conclude that they fail to disclose prejudicial error.

No error.

Judges HILL and JOHNSON concur.