0003

Ophelia W. ATKINSON, Respondent, v. Clifton Beasley ATKINSON, Appellant.

(309 S. E. (2d) 14)

Court of Appeals

*Hyman, Morgan, Brown, Jeffords & Rushton*, Florence, *for appellant.*

*Saleeby, Cox Driggers & Bledsoe*, Hartsville, *for respondent.*

Nov. 7, 1983.

*Per Curiam:*

The parties to this action were granted a divorce by the lower court on November 4, 1980, because of the husband's adultery. The husband has appealed assigning numerous errors by the lower court with respect to its failure to recognize a Nevada divorce decree, its award of a divorce to the wife on the ground of adultery, its order of increased child support, its award of lump sum alimony to the wife, its requirement that he make monthly mortgage payments and pay taxes and insurance on the marital home, its order that he reimburse the wife for certain expenses, its allowance of equitable distribution, and its award of attorneys' fees to the wife.

Because the court below failed to comply with Rule 27(3) of the Rules of Practice for the Family Courts and because the record is insufficient to permit adequate review by this court, we remand the case for a de novo hearing and direct the court to comply with that rule. *Carter v. Carter*, 277 S. C. 277, 286

S. E. (2d) 139 (1982); *Stahl v. Stahl,* 276 S. C. 380, 278 S. E. (2d) 782 (1981); *Garvin v. Garvin,* 275 S. C. 379, 271 S. E. (2d) 413 (1980).

In this case, the family court declared a Nevada divorce decree null and void and, among other things, concluded that (1) the respondent was entitled to a divorce from her husband upon the ground of adultery; (2) the respondent was entitled to the sum of One Hundred Sixty Dollars ($160) in child support each month until the older child attained majority and to the sum of One Hundred Twenty-five Dollars ($125) per month thereafter; (3) the respondent was entitled to lump sum alimony which could be satisfied by the payment of the sum of Ten Thousand Dollars ($10,000) or a conveyance of one-fourth (¼) interest of a one-half (½) interest in the marital home; (4) as an incident of further support, the respondent was entitled, until the younger child reached age eighteen (18), to have the appellant make her monthly house payments, provide the home with adequate insurance coverage, and pay all annual taxes due on that property; (5) the respondent was entitled to a reimbursement by the appellant in the amount of One Thousand Dollars ($1,000) for certain expenses she incurred that the appellant had been ordered to pay; (6) the respondent was entitled to retain in an equitable distribution of the marital property her one-half (½) interest in the marital home and to receive from the appellant the sum of Two Thousand Two Hundred Fifty Dollars ($2,250); and (7) the respondent was entitled to the sum of Five Hundred Dollars ($500) for attorneys' fees.

None of the legal conclusions which we are asked to review rests on any findings of fact. The order frequently describes the evidence or recites the testimony without making an express finding of fact that a certain event either did or did not occur or that a particular circumstance either did or did not exist.

In other places, the order violates Rule 27(3) because it is conclusory. *See State v. Adler,* 278 S. C. 66, 292 S. E. (2d) 185 (1982); *In the Interest of Meyers,* 273 S. C. 180, 255 S. E. (2d) 450 (1979). For example, the court based its refusal to recognize the Nevada decree on findings that the appellant travelled to Nevada from Darlington County "for the express purpose of obtaining a divorce" and that the appellant did not

acquire a Nevada domicile; however, the Court does not find any fact to support either determination.

Proper appellate review is extremely difficult, if not impossible, where a lower court order omits specific findings of fact to support its legal conclusions. We appreciate the problems which Family Court Judges may have from time to time in meeting the requirements of Rule 27(3). Unremitting workloads and arduous responsibilities hamstring even the most dedicated. Nonetheless, we believe that strict compliance with the rule promotes the administration of justice at every judicial level.

On remand, the lower court shall set forth in its order each salient fact found by it to support the court's conclusion regarding whether the Nevada divorce decree obtained by the appellant should be accorded full faith and credit. See S. C. Code of Laws § § 20-3-410-20-3-440 (1976); *Powers v. Powers,* 273 S. C. 51, 254 S. E. (2d) 289 (1979). *Cf. Ravenel v. Dekle,* 265 S. C. 364, 218 S. E. (2d) 521 (1975).

On remand, the lower court shall set forth in its order each salient fact found by it to support the court's conclusion regarding whether the appellant committed adultery. *See Fox v. Fox,* 277 S. C. 400, 288 S. E. (2d) 390 (1982); *Wingate v. Wingate,* 272 S. C. 489, 252 S. E. (2d) 916 (1979); *Odom v. Odom,* 248 S. C. 144, 149 S. E. (2d) 353 (1966); *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 15 A. L. R. (2d) 163 (1949).

On remand, the lower court shall set forth in its order each salient fact found by it to support the court's conclusion regarding whether the respondent is entitled to child support; and in doing so, the court shall make specific findings of fact concerning the following factors: (1) the needs of each minor child; (2) the incomes, earning capacities, and assets of both parents; (3) the health, age, and general physical conditions of both parents; and (4) the necessities and living expenses of both parents. *See Graham v. Graham,* 253 S. C. 486, 171 S. E. (2d) 704 (1970).

On remand, the lower court shall set forth in its order each salient fact found by it to support the court's conclusion regarding whether the respondent should be awarded lump sum alimony; and in doing so, the court shall make specific findings of fact concerning the following factors: (1) the financial condition or status of the appellant; (2) the needs of

the respondent; (3) the health and ages of both parties; (4) each party's earning capacity; (5) the actual income of each party; (6) the individual contributions to the accumulation of their joint wealth; (7) the standard of living by both parties at the time of the divorce; (8) the duration of the marriage; (9) the conduct of the parties; and (10) the special circumstances making any award of lump sum alimony advisable. *See Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982); *Jones v. Jones*, 270 S. C. 280, 241 S. E. (2d) 904 (1978); *Nienow v. Nienow*, 263 S. C. 161, 232 S. E. (2d) 504 (1977); 24 Am. Jur. (2d) *Divorce and Separation* § 616 at 737 (1966); *cf. Murdock v. Murdock*, 243 S. C. 218, 133 S. E. (2d) 323 (1963).

On remand, the lower court shall set forth in its order each salient fact found by it to support the court's conclusions regarding whether, as an incident of further support of his wife and each minor child, the appellant should make for them monthly house payments that would include the amounts due on the mortgage, homeowner's insurance, and real estate taxes and whether, as an additional incident of support, the appellant should reimburse the respondent the sum of One Thousand Dollars ($1,000) for certain expenses incurred by her that the appellant had been ordered to pay. *See Grubbs v. Grubbs*, 272 S. C. 138, 249 S. E. (2d) 747 (1978).

On remand, the lower court shall set forth in its order each salient fact found by it to support the court's conclusion regarding whether the respondent is entitled to any interest in the marital property; and in doing so, the court shall make specific findings of fact concerning the relative incomes of the parties and what the material contributions of the parties have been to the acquisition of the marital property and the weight which the court accords those contributions. *See Burgess v. Burgess, supra; Bugg v. Bugg*, 277 S. C. 270, 286 S. E. (2d) 135 (1982); *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980); *Wilson v. Wilson*, 270 S. C. 216, 241 S. E. (2d) 566 (1978).

On remand, the lower court shall set forth in its order each salient fact found by it to support the court's conclusion regarding whether the respondent is entitled to attorneys' fees; and in doing so, the court shall make specific findings of fact concerning the following factors: (1) the nature, extent, and difficulty of the legal services rendered; (2) the time and

labor necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results accomplished; and (6) the fee customarily charged in the locality for similar legal services. *See Deglman v. Deglman*, 276 S. C. 600, 281 S. E. (2d) 123 (1981); *Nienow v. Nienow, supra; see also* Supreme Court Rules, Rule 32, Code of Professional Responsibility DR 2-106(B) (June 1, 1980).

Remanded.