0094

Loyd E. DOOLEY, Appellant, v. Barbara A. DOOLEY, a/k/a
Barbara M. Dooley, Respondent.

(313 S. E. (2d) 331)

Court of Appeals

*Frances I. Cantwell,* of *Vincent & Cantwell,* Charleston, *for appellant.*

*Charles S. Bernstein,* of *Bernstein & Manos,* Charleston, *for respondent.*

Feb. 24, 1984.

GARDNER, Judge:

In this divorce action, respondent Wife was granted a divorce on the ground of adultery; equitable division of the marital estate was ordered by the trial court and attorney's fees awarded the Wife. We affirm in part and reverse in part.

Appellant urges on appeal abuse of discretion by the trial judge in (1) the award of alimony to the Wife, (2) the equitable distribution of the marital estate, and (3) the award and amount of attorney's fees.

The appealed order required the Husband to pay $416.50 per month for child support, $25 per month for orthodontic treatments for the child, $216 per month alimony and $433 per month toward total attorney's fees of $5,500. A *supersedeas*

was granted by the Supreme Court as to the monthly payments of attorney's fees. At the time of the trial, the Husband's monthly income after taxes was $1,686.37; the Wife's $1,164.68.

We affirm the award of alimony. The Husband was ▪ flagrantly at fault and proven so. The amount awarded is reasonable in light of the relative incomes of the parties and the approaching majority of the seventeen year old minor child.

We reverse and remand the appealed order's distribu- ▪ tion of the marital estate and award of attorney's fees for failure to comply with Family Court Rule 27(C); no findings of fact are contained in the divorce decree as to the value of the marital assets and no testimony appears of record to support the attorney's fees awarded. A firm mandate of compliance with rule 27(C) was issued by this court in *Atkinson v. Atkinson*, 309 S. E. (2d) 14 (S. C. App., 1983).

Affirmed in part; reversed in part and remanded.

SANDERS, C. J., and BELL, J., concur.