0298

Sally B. GIBSON, Respondent, v. Bobby T. GIBSON, Appellant.

(322 S. E. (2d) 680)

Court of Appeals

defense of sovereign immunity with respect to claims for which liability insurance is provided.

320

*Hans F. Paul,* Charleston, *for appellant.*

*William S. Barr* and *Capers G. Barr, III,* both of *Barr, Barr & McIntosh,* Charleston, *for respondent.*

Heard Sept. 18, 1984.

Decided Oct. 23, 1984.

GOOLSBY, Judge:

The wife Sally B. Gibson brought this action against her husband Bobby T. Gibson seeking separate maintenance, equitable distribution, and attorney's fees. The husband counterclaimed seeking a divorce on the ground of physical cruelty. He too asked for an equitable distribution of the marital property. The family court granted the wife separate maintenance, denied the husband a divorce, divided the marital property between the parties, and awarded the wife attorney's fees. The husband appeals. We reverse and remand the case to the family court.

The principal issue on appeal relates to the denial to the husband of a divorce on the ground of physical cruelty. Other issues included in the husband's appeal concern the grant to the wife of separate maintenance, the division of the marital property between the parties, and the award to the wife of attorney's fees.[1]

The husband asserts that the family court erred in failing to grant him a divorce on the ground of physical cruelty. He alleged in his complaint that the wife's attempt to kill him by shooting at him with a firearm constitutes physical cruelty.

The parties were married in 1958. At the time of the family court hearing in 1982, the wife was 57 years old and the husband was 48. In the last several years, their marriage became strained with the parties occupying separate bedrooms, taking separate vacations, and living separate social lives. Finally, in late June, 1981, the wife moved out of the marital home altogether following an argument that con-

---

[1] The wife complains in her brief about the husband's failure to frame his exceptions in accordance with Rule 4, Section 6 of the Supreme Court Rules. None of them contains a complete assignment of error as the rule requires. Because the issues sought to be raised by the husband may be readily determined and the appeal is meritorious, we have elected not to dispose of the case on technical grounds. *See Baker v. Weaver,* 279 S. C. 479, 309 S. E. (2d) 770 (S. C. App. 1983).

cluded with the husband expressing a desire for a divorce. Some days later, the wife returned to the marital home at an early morning hour in a heavily intoxicated condition. An argument with her husband ensued. During the quarrel, the wife went into her bedroom, locked the door, and fetched a .22 caliber rifle kept in a closet. She then shot through her closed bedroom door 16 times with the rifle. The husband claims that a "small splinter" struck him on the face when the wife fired the first shot. The wife, however, says that the husband was in his bedroom and not outside her door at the time she started shooting. The wife later that same morning, after the husband dressed and went to work, set fire to the house rendering it uninhabitable. She was later hospitalized and placed under psychiatric care for several weeks.

In South Carolina, a divorce on the ground of cruelty is specifically limited to physical cruelty. S. C. Const., art. XVII, § 3 (1895); S. C. Code of Laws § 20-3-10 (1976); *see,* Sumner, *The South Carolina Divorce Act of 1949,* 3 S.C.L.Q. 253 at 268-70 (1951). "Physical cruelty," as used in our divorce law, means "actual personal violence, or such a course of physical treatment as endangers life, limb, or health, and renders cohabitation unsafe." *Brown v. Brown,* 215 S. C. 502, 506, 56 S. E. (2d) 330, 333 (1949). In determining what acts constitute physical cruelty, the circumstances of the particular case must be considered. *Crowder v. Crowder,* 246 S. C. 299, 143 S. E. (2d) 580 (1965). A single act of physical cruelty, however, will not ordinarily provide a basis for divorce, unless the act "is so severe and atrocious as to endanger life, or unless the act indicates an intention to do serious bodily harm or causes reasonable apprehension of serious danger in the future." *Smith v. Smith,* 253 S. C. 350, 354, 170 S. E. (2d) 650, 652 (1969). Moreover, a divorce on the ground of physical cruelty was provoked by the complaining spouse and the physical cruelty is not out of all proportion to the provocation. *Miller v. Miller,* 225 S. C. 274, 82 S. E. (2d) 119 (1954).

The family court held that the wife's conduct in discharging a firearm through a closed door while she was in an angry and intoxicated condition did not constitute physical cruelty toward the husband because the husband did not sustain bodily injury.

No South Carolina case directly answers the question of whether it is necessary for a spouse to prove that he or she suffered bodily injury where a divorce is sought on the ground of physical cruelty.

In determining whether physical cruelty was directed by one spouse against the other, the definition given the term "physical cruelty" by the Supreme Court in *Brown v. Brown, supra,* and subsequent cases [*e.g.,* *Wood v. Wood,* 269 S. C. 600, 239 S. E. (2d) 315 (1977); *Brown v. Brown,* 250 S. E. 114, 156 S. E. (2d) 641 (1967)] allows a court not only to look at the result brought about by the spouse's action toward the other but permits it also to consider the nature of the act itself. *See,* 27A C. J. S. *Divorce* § 26 at 71 (1959); *cf. Vickers v. Vickers,* 255 S. C. 25, 176 S. E. (2d) 561 (1970) (wherein the Supreme Court emphasized that the complaint failed "to allege any act of *personal violence* or a course of *physical treatment* such as would endanger life, limb or health *and* render cohabitation unsafe").

We therefore hold that, if the wrongful act involves actual violence directed by one spouse at the other, "bodily injury" is not required in order to find "physical cruelty."

A single assault by one spouse upon the other spouse, then, can constitute a basis for a divorce on the ground of physical cruelty; however, the assault must be life threatening or it must be either indicative of an intention to do serious bodily harm or of such a degree as to raise a reasonable apprehension of great bodily harm in the future. *Cf., Gill v. Gill,* 269 S. C. 337, 237 S. E. (2d) 382 (1977) (husband held not entitled to divorce on ground of physical cruelty where, among other things, wife threatened husband with a BB gun and husband admitted he was not afraid); *McKenzie v. McKenzie,* 254 S. C. 372, 175 S. E. (2d) 628 (1970) (a single battery held to be so severe and atrocious as to endanger life where wife shot at husband four times at close range and one bullet entered husband's chest); *DeMott v. DeMott,* 198 Va. 22, 92 S. E. (2d) 342 (1956) (a single battery involving husband throwing wife against the wall held not to constitute a ground for divorce).

Here, there is evidence that the wife committed an act of actual violence. She discharged a firearm. What is not clear,

however, is whether she committed an act of actual *personal* violence, *i.e.,* whether the wife directed actual violence at her husband. The family court made no findings of fact in that regard.

The family court likewise made no findings of fact regarding whether the wife's single act of violence actually endangered the husband's life or whether the act manifested an intention on her part to cause the husband serious bodily harm or constituted a reasonable basis for believing the husband might later be seriously hurt. The family court also made no findings of fact regarding whether the husband provoked the wife's conduct and, if so, whether her conduct was out of all proportion to any provocation.

Although the Court of Appeals has jurisdiction in an ■■ action for divorce to find the facts in accordance with its own view of the preponderance of the evidence [*Simons v. Simons,* 263 S. Ct. 509, 211 S. E. (2d) 555 (1975)], we do not feel comfortable in this instance in making our own findings of fact. The record has long grown cold. Also, we do not have the benefit of findings of fact by the family court in several important areas and the benefit of any evaluation by the family court regarding the credibility of the parties, particularly as to the shooting incident and the circumstances surrounding it. In our opinion, justice is better served here by our following the procedure outlined in *Smith v. Smith, supra,* and remanding the case to the family court for appropriate findings of fact in accordance with "the pertinent principles of applicable law." 253 S. C. at 356, 170 S. E. (2d) 650, 652 (1969).

Because the factor of fault on the wife's part could well determine how the issues of alimony or separate maintenance, equitable distribution, and attorney's fees ought to be decided, we reverse the family court's determination of these issues and remand them without addressing the husband's specific complaints. The directions on remand given by us below should satisfy the husband's objections to the family court's determination of these issues in any case.

As to alimony or separate maintenance, we direct the ■■ family court, in determining whether the wife is entitled to an award of either to consider any misconduct

on her part in addition to the following factors: (1) each party's financial condition and needs; (2) each party's health and age; (3) each party's earning capacity; (4) each party's actual income; (5) the individual contributions to the accumulation of their joint wealth; (6) each party's standard of living at the time of the divorce or separation; (7) the conduct of the husband; and (8) the duration of the marriage. *Atkinson v. Atkinson,* 279 S. C. 454, 309 S. E. (2d) 14 (S. C. App. 1983). On remand, the family court should not award the wife, as it did before, the exclusive use and possession of the marital home as an incident of support. [*Whitfield v. Hanks,* 278 S. C. 165, 293 S. E. (2d) 314 (1982)] unless special circumstances are shown to exist that warrant its award. *Shafer v. Shafer,* 320 S. E. (2d) 730 (S. C. App. 1984); *Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (S. C. App. 1984).

As to the issue of equitable distribution, the family court in making an equitable division of the marital property must: (1) identify the marital property, both real and personal, to be divided between the parties; (2) determine the fair market value of the property it identifies; (3) identify the proportionate contribution each party made to the acquisition of the marital property; and (4) determine the manner in which the division of the marital property is to take place. *Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (S. C. App. 1984); *Hussey v. Hussey,* 280 S. C. 418, 312 S. E. (2d) 267 (S. C. App. 1984). The family court may also consider fault in making an equitable division, although fault is not controlling and does not justify a severe penalty. *Rogers v. Rogers,* 280 S. C. 205, 311 S. E. (2d) 743 (S. C. App. 1984).

As to the issue of attorney's fees, the family court in determining the amount of any award made by it shall consider each of the following factors: (1) the nature, extent, and difficulty of the legal services rendered; (2) the time and labor necessarily devoted to this case; (3) the professional standing of counsel; (4) the contingency of compensation; (5) the beneficial results accomplished; and (6) the fee customarily charged in the locality for similar legal services. *Atkinson v. Atkinson, supra.*

Reversed and remanded.

BELL, J., concurs.

SHAW, J., concurs and dissents.

SHAW, Judge (concurring and dissenting):

I disagree with the majority holding there is insufficient evidence to grant the husband a divorce on the ground of physical cruelty. The firing of a gun sixteen times by one spouse toward another is sufficient to place the bravest of persons in fear of his life. "Physical cruelty, as used in divorce law, has generally been defined by our courts as actual personal violence, or such other course of physical treatment as endangers life, limb or health, and renders cohabitation unsafe." *Brown v. Brown*, 215 S. C. 502, 56 S. E. (2d) 330, 333 (1949). To hold it is necessary to find actual physical injury would allow tantalizing conduct barely short of actual injury and permit terrorism in the home. The Supreme Court has held that even if the complaining spouse provoked the cruelty, she should not be "disentitled" to relief "if the retaliatory cruelty . . . complained of is out of all proportion to the provoking conduct." *Miller v. Miller*, 225 S. C. 274, 82 S. E. (2d) 119, 122 (1954). Domestic tranquility must be promoted by the courts and the General Assembly.[2] Under existing criminal laws the wife could be charged with a serious offense. To let the same conduct go unnoticed in the domestic law context would be inconsistent. Therefore, I would grant the divorce.

---

[2] Under a recently enacted statue the wife would be guilty of criminal domestic violence for her conduct. *See* S. C. Code Ann. Sections 16-25-20(2), 16-25-30 (1976 & Supp. —) [approved by the Governor June 22, 1984].