0431

Charles O. PRINCE, Respondent, v. Ursel M. PRINCE, Appellant.
(328 S. E. (2d) 664)

Court of Appeals

---

*Ernest B. Gilbert,* Columbia, *for appellant.*

*Ronald G. Aaron,* of *Kirkland, Aaron & Alley,* Columbia, *for respondent.*

Heard Feb. 20, 1985.

Decided April 8, 1985.

SHAW, Judge:

This appeal is from a divorce decree. The family court granted respondent Sergeant Charles O. Prince a divorce on the ground he and his wife had lived separate and apart without cohabitation for a period of one year. The court awarded appellant Mrs. Ursel M. Prince decreasing alimony and attorney's fees of $250. We reverse and remand.

In an equity action tried by one judge this court has jurisdiction to determine the issues in accordance with its own view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221

S. E. (2d) 773, 775 (1976); *Barden v. Barden*, 278 S. C. 672, 301 S. E. (2d) 141 (1983). Questions of alimony and attorney's fees rest with the sound discretion of the family court whose conclusion will not be disturbed unless abuse of discretion is shown. *Smith v. Smith*, 264 S. C. 624, 216 S. E. (2d) 541, 543 (1975).

Sergeant and Mrs. Prince married in Germany in 1958. Sergeant Prince is a club manager specialist with the United States Army, earning $29,000 per year. Mrs. Prince is unemployed and in poor health. Mrs. Prince testified her rent costs $355, utilities $130, and food $200 per month. Sergeant Prince testified his wife wasted money and wrote bad checks; Mrs. Prince testified her husband physically abused her and committed adultery during the marriage. Sergeant Prince testified he had not allowed his wife to work outside the home.

The family court awarded alimony of $500 for six months, $400 for the next six months, and $250 per month thereafter. This was an abuse of discretion. In *Shafer v. Shafer*, S. C., 320 S. E. (2d) 730 (Ct. App. 1984), we reversed an award of increasing child support holding: "By providing for an automatic increase in child support, the trial judge arbitrarily increased the amount of support without a showing of a change of conditions." 320 S. E. (2d) at 733. *See also Condon v. Condon*, 280 S. C. 357, 312 S. E. (2d) 588, 589 (Ct. App. 1984). The same rule applies to an automatic decrease in alimony. It is not known what conditions may exist in six or twelve months; future conditions could call for either an increase or a decrease in the award.

The family court also considered the contribution of Mrs. Prince's daughter to her support; it found Mrs. Prince "was receiving assistance from her emancipated daughter who resided with her and was gainfully employed." This was also abuse of discretion. "Generally, because alimony is the replacement for the husband's duty to support his wife, the court cannot consider the contributions of the wife's relatives to her support." *Bailey v. Bailey*, 269 S. C. 1, 235 S. E. (2d) 801, 803 (1977).

The court also violated Rule 27(c) of the Rules of Practice for the Family Courts by not "[setting] forth the salient facts upon which [its] order [was] granted." In setting alimony Rule 27(c) requires findings concerning the

financial condition, needs, health, age, earning capacity, actual income, contribution to accumulation of joint wealth, standard of living at the time of divorce, and conduct of the parties. *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14, 15 (Ct. App. 1983); *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832, 833 (1981). However, in this case the court failed to make findings concerning, among other factors, the financial condition, needs, health, earning capacity, and actual income of the parties. Furthermore, in setting attorney's fees Rule 27(c) requires findings concerning the nature, extent, and difficulty of the services rendered; the time devoted to the case; the standing of counsel; and the contingency of compensaton and beneficial results accomplished. *Atkinson*, 309 S. E. (2d) at 16; *Smith v. Smith*, 253 S. C. 350, 170 S. E. (2d) 650, 653 (1969). However, in this case the court failed to make findings concerning, among other factors, the difficulty of the services rendered and the time devoted to the case.

Therefore, the order of the family court is

Reversed and remanded.∘

SANDERS, C. J., and BELL, J., concur.