THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sue B. Brigman,       
Appellant,
 
 
 

v.

 
 
 
Johnny M. Brigman, Laverne Brigman, Ray
Brigman, Percy W. Brigman, Flora 
 Ann Johnson, Katherine Cassidy, Roberta Holmerod, Janice Sakala and Jodie
Bethea,        Respondents.
 
 
 

 
 
 
Sue B. Brigman, Special Administrator of the Estate of
W.A. Brigman, 
 Jr.,        Appellant,
 
 
 

v.

 
 
 
Johnny M. Brigman,           
Respondent.
 
 
 

Appeal From Marlboro County
C. Anthony Harris, Jr., Special Referee

Unpublished Opinion No. 2003-UP-534
Submitted June 9, 2003  Filed September 
 4, 2003  

REMANDED

 
 
 
John Ravenel Chase, of Florence, for Appellant.
Ralph L. Kelly, of Bennettsville, for Respondents.
 
 
 

PER CURIAM:  A special referee found the 
 1999 will of W.A. Brigman, Jr. was invalid.  Brigmans wife, Sue Brigman, appeals.  

FACTS
W.A. Brigman, Jr. died on April 26, 
 1999.  Three days earlier, W.A. executed a new will.  The 1999 will replaced 
 an earlier will dated April 12, 1994.  The 1999 will devised all of W.A.s farmland, 
 equipment, and livestock to his wife, Sue Brigman, in fee simple absolute.  
 In contrast, the 1994 will devised a life estate in the farm to Sue, with the 
 remainder going to W.A.s nephew, Johnny Mack Brigman.  The 1994 will also specified 
 that Johnny Mack could work the farm and pay Sue a reasonable rent. Finally, 
 Johnny Mack received the farm equipment and livestock outright.  Johnny Mack 
 challenged the 1999 will in probate court.  
The case was removed to the circuit court and 
 referred to a special referee.  The special referee issued an order denying 
 probate of the 1999 will.  The special referee did not make any specific findings 
 of fact or conclusions of law to support the decision to deny probate of the 
 1999 will.  The referees order simply summarizes the trial testimony and concludes 
 that W.A. was under undue influence, duress, or lack of testamentary intent 
 or capacity. 
None of the legal conclusions we are asked to 
 review rests on findings of facts.  See Atkinson v. Atkinson, 
 279 S.C. 454, 455, 309 S.E.2d 14, 15 (Ct. App. 1983).  The trial courts order 
 is void of findings of fact to support its ruling.  In fact, the trial courts 
 order is merely an inconsistent recitation of evidence and testimony presented 
 during the trial without indication as to which the trial court believes.  
Because the record is insufficient to permit adequate review by this court, 
 we remand this matter for specific findings of fact in support of the courts 
 decision.
REMANDED
GOOLSBY, HOWARD, and BEATTY, J.J., concur.