THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Joyce Marie Marrero, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Michael Joseph Hankins, Respondent.
 
 
 
 
 

Appeal From Richland County
 Richard W. Chewning, III, Family Court
Judge

Unpublished Opinion No.  2010-UP-318
 Submitted June 1, 2010  Filed June 21,
2010

REMANDED

 
 
 
 C. Lawrence Simmons, III, of West
 Columbia, for Appellant.
 Douglas J. Robinson, of Camden, for
 Respondent.
 Danyese Hobbs, of Columbia, for Guardian
 Ad Litem.
 
 
 

PER CURIAM:  In this custody matter, Joyce Marie
 Marrero (Mother) appeals the family court order changing a prior court-ordered
 joint custody arrangement and awarding full custody of the minor son to Michael
 Joseph Hankins (Father).  On appeal, Mother asserts the family court erred in:
 (1) issuing its order without findings of fact and conclusions of law; (2)
 continuing custody with Father; (3) issuing a decision where the guardian ad
 litem failed to issue a written report; and (4) requiring the parties to pay
 the fee for the guardian ad litem.  We remand to the family court to make
 specific findings of fact and conclusions of law and to permit arguments by
 counsel, if requested.[1]
1. While we
 recognize the preservation concern about the lack of specific findings by the
 family court, we also recognize that where the best interests of a minor child
 are concerned, the court may
 appropriately raise, ex mero motu, issues not raised by the parties.  Joiner
 ex rel. Rivas v. Rivas, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000). 
 Here, we find remand is appropriate because (1) in order to decide this matter,
 we must speculate as to the findings that would support the family court's
 decision to award custody to Father; (2) the attorneys did not make any legal
 arguments on the record, so we are constrained to rely upon the pleadings; (3) if
 the family court relied on the temporary order as the framework for the final
 order, we find our review problematic as the transcript of that hearing is not
 a part of this record; and (4) the guardian ad litem did not submit a report or
 testify at the hearing.  See Rule 26(a), SCRFC ("An order or
 judgment pursuant to an adjudication in a domestic relations case shall set
 forth the specific findings of fact and conclusions of law to support the
 court's decision."); In
 re Treatment & Care of Luckabaugh, 351 S.C. 122, 133, 568 S.E.2d 338, 343 (2002) ("The absence
 of factual findings makes our task of reviewing the court order impossible
 because the reasons underlying the decision are left to speculation.")
 (internal quotation omitted); Atkinson v. Atkinson, 279 S.C. 454, 456,
 309 S.E.2d 14, 15 (Ct. App. 1983) ("Proper appellate review is extremely
 difficult, if not impossible, where a lower court omits specific findings of
 fact to support its legal conclusions.").  
2.  As to whether the family
 court erred in assigning precedential value to the temporary order:  Rimer
 v. Rimer, 361 S.C. 521, 527 n.6, 605 S.E.2d 572, 575 n.6 (Ct. App. 2004)
 ("Temporary hearings are not de facto final hearings, and we adhere
 to the principle that temporary orders must be without prejudice to the rights
 of the parties at the final hearing.").
3.  As to whether the family
 court erred in issuing its decision when the guardian ad litem failed to submit
 a written report:  Joiner ex rel. Rivas, 342 S.C. at 107, 536 S.E.2d at
 374 (finding that where the best interests of a minor child are concerned, the
 court may appropriately raise, ex mero motu, issues not raised by the
 parties); S.C. Code Ann. § 63-3-830(A)(6) (2010) (making a guardian ad litem
 responsible for "presenting to the court and all parties clear and
 comprehensive written reports, including, but not limited to, a final written
 report regarding the child's best interest.").  Even though this issue is
 not properly preserved, because we are remanding for specific findings of fact
 and conclusions of law, we find it appropriate for the guardian ad litem to
 prepare the required statutory report for submission into the record prior to
 the issuance of an order by the family court.
4.  As to
 whether the family court erred in requiring the parties to split the fee for
 the guardian ad litem:  S.C. Dep't of
 Transp. v. First Carolina Corp. of S.C.,
 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (holding an issue must have
 been raised to and ruled upon by the trial judge in order to be preserved for
 appellate review).
REMANDED.
FEW, C.J.,
 THOMAS, and PIEPER, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.