18085

Frances R. ROONEY, Appellant, v. Francis M. ROONEY, Respondent.

(131 S. E. (2d) 618)

*Frances R. Rooney, Appellant Pro Se.,* of Columbia.

*Messrs. Belser, Belser & Baker* and *Irvine F. Belser, Jr.,* of Columbia, *for Respondent,*

*Frances R. Rooney, Appellant Pro Se.,* of Columbia, *in Reply.*

June 25, 1963.

BUSSEY, Justice.

This action was instituted in the County Court of Richland County by the petitioner, Mrs. Rooney, appellant here, seeking a divorce *a mensa et thoro,* and allied relief, on the ground of physical cruelty. The respondent, by way of answer, denied the material allegations of the petition and counterclaimed for a divorce *a vinculo matrimonii* on the ground of habitual drunkenness. After several *pendente lite* hearings before the late Honorable John W. Crews, Associate Judge, the cause was referred to Honorable Harry Lightsey, Master in Equity for Richland County, who, after taking rather voluminous testimony, found against the appellant and in favor of the respondent on all material issues of fact; recommended that appellant be granted no relief, and that the respondent be granted a divorce *a vinculo matrimonii,* and the custody of the children of the parties, subject to visitation rights accorded appellant.

Upon exceptions to the report of the Master, Judge Crews confirmed the report of the Master in its entirety and granted relief to the respondent accordingly.

The record reflects that throughout this rather lengthy domestic proceeding appellant has been represented from time to time by several lawyers, but she now appears before this court *in propria persona.*

Appellant's exceptions are five in number. Respondent contends that none of appellant's exceptions comply with Rule 4, Section 6, of the Rules of the Supreme Court and that this court should dismiss the appeal for this reason. As contended by respondent, appellant's exceptions, which we shall not bother to state here, for the most part represent a rather generalized and unspecific disagreement with the overall result reached by the trial court. We think, however, that appellant's exceptions do raise one question for our

decision, the decision of which will control and determine any other questions which are conceivably properly before this court. That question is, whether there was error on the part of the trial court in finding that the appellant, as a matter of fact, was an habitual drunkard, within the meaning of the divorce law.

It is well settled that findings of fact by a master in an equity case such as this, concurred in by the trial judge, will not be disturbed on appeal unless they are without evidentiary support or are against the clear preponderance of the evidence. *Cox v. First Provident Corporation,* 240 S. C. 130, 125 S. E. (2d) 1.

We have reviewed the entire record in the light of the foregoing principle and conclude that the findings of the master, concurred in by the trial judge, are neither without evidentiary support nor against the clear preponderance of the evidence.

Black's Law Dictionary defines habitual drunkenness, as a cause for divorce, very simply as follows:

"the fixed habit of frequently getting drunk; it does not necessarily imply continual drunkenness."

We shall not endeavor to here review the entire evidence in the case, but there was abundant evidence, both lay and medical, to the effect that for several years prior to the commencement of this action appellant has a serious drinking problem, which gradually increased until quite frequently she was drinking a pint to a fifth of liquor a day. Lay witnesses referred to appellant during the period of time involved as being "just a plain drunk", "sloppy drunk", "drinking heavily."

Medical testimony was to the effect that she was twice hospitalized and in each instance the diagnosis of her condition was associated with alcoholism. Her last period of hospitalization was at the United States Army Hospital, Fort Jackson, South Carolina, for a period of some two weeks and the final diagnosis there was "alcoholism,

chronic", and "Cirrhosis, liver, Laennec's associated with alcoholism." A psychiatrist who saw and attended her there during this period of hospitalization testified that appellant was suffering from "delirium tremens as a result of excessive intake of alcohol over a period of time."

Evidence was adduced on behalf of appellant tending to prove that her use of alcohol was not so excessive as indicated by the foregoing evidence, but we conclude from a review of the record that the concurrent findings below are fully supported by competent evidence and that rather than being against the clear weight of the evidence, they are in accord with the preponderance thereof.

Accordingly, the judgment of the court below is affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.