21467

Barbara Mack FISHER, Appellant, v. Jerry Eugene FISHER, Respondent.

(278 S. E. (2d) 780)

*James T. McLaren* of *Draine & McLaren,* Columbia, *for appellant.*

*Jerry Eugene Fisher, pro se.*

May 27, 1981.

GREGORY, Justice:

This appeal is from a family court order denying *pendente lite* relief to the wife and dismissing her petition for divorce on the ground of habitual drunkenness or, in the alternative, for separate maintenance and support. The re-

spondent husband did not file responsive pleadings as required by Family Court Rule 7; however, he was not declared in default. At the hearing for temporary relief he was represented by counsel who cross examined the appellant, testified himself and presented additional witnesses. Furthermore, he failed to file a respondent's brief in this appeal. See Rule 8, Section 9 of the Rules of Practice of this Court. We reverse and remand.

*Pendente lite* (temporary) relief should generally be granted upon a *prima facie* showing of probable cause for a divorce or separation. *Poliakoff v. Poliakoff,* 221 S. C. 391, 70 S. E. (2d) 625 (1952).

Although the trial judge acknowledged appellant had established a *prima facie* case of drinking, he held she had not presented a *prima facie* case of habitual drunkenness. We disagree.

The following testimony from the transcript of record establishes a *prima facie* case of habitual drunkenness as defined in *Rooney v. Rooney,* 242 S. C. 503, 131 S. E. (2d) 618 (1963):

(1) Appellant testified respondent drinks every weekend and frequently during the week, that he goes on drinking binges and that he drinks approximately one-half gallon of liquor during such periods:

(2) Respondent admitted to drinking moderately and as much as one-half gallon of liquor over a weekend. He concedes he has on occasion gone on drinking binges;

(3) A private investigator testified that when he served the petition of divorce, respondent both sounded and acted as if he were under the influence of alcohol as early as 11 a. m.;

(4) Appellant testified that while drinking, respondent has: cursed her in the presence of their three year old son; physically struck her; and has ordered her and the minor child to leave the marital home on several occasions.

While the award of temporary relief is addressed to the sound discretion of the trial judge, *Armaly v. Armaly*, S. C., 266 S. E. (2d) 68 (1980), his failure to grant temporary relief on this showing was an abuse of discretion and the dismissal improvident.

Assuming *arguendo* the trial judge correctly found appellant had not established a *prima facie* case for divorce, she was nonetheless at least entitled to temporary custody of the couple's minor child if not other relief. See *Simonds v. Simonds*, 229 S. C. 376, 93 S. E. (2d) 107 (1956), holding a court has broader discretion in granting relief in an action for separate maintenance and support than in a divorce action.

Therefore, we reverse the order of the trial judge dismissing the petition and remand with instructions that temporary relief be granted where appropriate to the appellant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.