0186

Edna C. LEE, Appellant, v. Charles A. LEE, Respondent.

(316 S. E. (2d) 435)

Court of Appeals

*Glenn W. Thomason,* of *Long, Thomason & Mullinax,* Anderson, *for appellant.*

*Robert L. Waldrep, Jr.,* Anderson, *for respondent.*

Heard April 17, 1984.

Decided May 29, 1984.

SHAW, Judge:

The respondent — Charles Lee instituted this action for a divorce on the ground of habitual drunkenness. The Family Court granted the divorce on October 7, 1981, awarded the appellant — Edna Lee alimony of $150 per month for six months, but awarded her no attorney's fees. Mrs. Lee is appealing all three aspects of the divorce decree.

In a prior decree dated October 6, 1980, which is not the subject of this appeal, the Family Court granted Mrs. Lee a legal separation, $20,000 in equitable distribution of the marital property, $150 per month in periodic alimony, and $650 in attorney's fees. Mr. Lee's counterclaim for a divorce on the ground of habitual drunkenness was denied for lack of substantiation.

Almost immediately after the separation decree was issued, Mr. Lee brought this action, again requesting a divorce on the ground of habitual drunkenness. In her answer, Mrs. Lee denied the allegation and requested periodic alimony but made no specific requests for attorney's fees.

At the hearing on September 2, 1981, the Family Court ruled it would only consider, with a few exceptions, evidence of events occurring after June 6, 1980, the date of the separation hearing.

In actions of equity tried without a reference, as is the case here, this court has the jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Townes Associates Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The trial judge ruled Mr. Lee should be granted a divorce on the ground of habitual drunkenness based on the evidence presented. Mrs. Lee argues Mr. Lee failed to establish this ground by a preponderance of the evidence.

Section 20-3-10(4) of the South Carolina Code of Laws, 1976, provides that habitual drunkenness is grounds for divorce. Habitual drunkenness is the fixed habit of

frequently getting drunk; it does not necessarily imply continual drunkenness. *Rooney v. Rooney*, 242 S. C. 503, 131 S. E. (2d) 618 (1963). Based on this definition, one need not be an alcoholic to be guilty of habitual drunkenness. It is sufficient if the use or abuse of alcohol causes the breakdown of normal marital relations.

To be entitled to a divorce on this ground, the drunkenness must exist at or near the time of the lawsuit. *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107 (1956). Therefore, the trial judge was entirely correct in mainly considering events occurring after the date of the prior hearing. The preponderance of the evidence clearly shows there was no error in granting Mr. Lee a divorce on this ground. The record provides more than one instance in which Mr. Lee was required to provide assistance to Mrs. Lee when she was publicly intoxicated and unable to return home. These situations would occur during the day and were the source of considerable embarrassment to Mr. Lee. Mr. Lee's testimony as to Mrs. Lee's habitual drunkenness was corroborated by the parties' neighbors. Based on this evidence, the divorce was properly granted.

Mrs. Lee challenges the award of alimony as being insufficient. The award of alimony is based on the following factors: (1) the financial condition or status of the husband; (2) the needs of the wife; (3) the health and ages of both parties; (4) each party's earning capacity; (5) the actual income of each party; (6) the individual contributions to the accumulation of their joint weath; (7) the standard of living of both parties at the time of divorce; (8) the duration of the marriage; (9) the conduct of the parties; and (10) any special circumstances making the award of lump sum alimony advisable. *Lide v. Lide,* 277 S. C. 155, 283 S. E. (2d) 832 (1981); *Atkinson v. Atkinson,* S. C., 309 S. E. (2d) 14 (S. C. App. 1983).

Neither party has much education, though Mrs. Lee appears to be better situated than Mr. Lee who is barely literate. Both parties are in their fifties and reasonably healthy. At the time of the hearing, Mr. Lee was employed in a local mill doing maintenance work. Mrs. Lee was not permanently employed at that time. However, she had been working as a sitter for elderly people and had prior work experience as a textile worker. The record does not establish that she could not

obtain employment, if she wished to do so. Neither party has any accumulated wealth. The $20,000 paid by Mr. Lee to Mrs. Lee represented about one-half of his net assets at the time.

The two factors which most justify the amount and duration of alimony awarded below are the $20,000 equitable distribution and Mrs. Lee's habitual drunkenness. We realize that an equitable division award is only one of the factors considered in determining alimony and is not a substitute for alimony. *Simmons v. Simmons*, 275 S. C. 41, 267 S. E. (2d) 427 (1980); *Burgess v. Burgess*, 277 S. C. 283, 286 S. E. (2d) 142 (1982). However, all the other factors are nearly equal. Since Mr. Lee has already given Mrs. Lee one-half of the marital property, we believe the award of alimony was adequate. This is especially true since Mrs. Lee's habitual drunkenness caused the disintegration of the marriage and since she is able to work. *See Murray v. Murray*, 271 S. C. 62, 244 S. E. (2d) 538 (1978), (award of six months' alimony consistent with fault of wife in causing divorce and with ability of wife to work).

Finally, Mrs. Lee claims the trial judge erred in failing to award her attorney's fees. We initially note that relief which is not requested in the pleadings may not normally be received by a party. *Gainey v. Gainey*, 279 S. C. 68, 301 S. E. (2d) 763 (1983); *Reid v. Reid*, S. C., 312 S. E. (2d) 724 (S. C. App. 1984). Mrs. Lee failed to request attorney's fees in her answer, and the trial judge's order is sustainable on this ground alone. Also, under the factors set forth in *Atkinson v. Atkinson, supra*, Mrs. Lee is not entitled to attorney's fees. This was not a particularly difficult or complex case requiring extensive time and labor.

Affirmed.

BELL and CURETON, JJ., concur.