THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Robertha
 Harrison,        Respondent,
 
 
 

v.

 
 
 
 Eddie L. Harrison,
 Sr.,        Appellant.
 
 
 

Appeal From Clarendon County
R. Wright Turbeville, Family Court Judge

Unpublished Opinion No.
2005-UP-428
Submitted June 1, 2005  Filed July 5, 2005

AFFIRMED

 
 
 
 Steven Smith McKenzie, of
 Manning, for Appellant.
 Charles Thomas Brooks, of Sumter,
 for Respondent.
 
 
 

PER CURIAM:  In this
divorce action, Eddie L. Harrison, Sr. (Husband) appeals the grant of a divorce
to Robertha Harrison (Wife) on the ground of habitual drunkenness, the failure
of family court to award an in-kind distribution of certain marital assets, and
the family courts determination that he was entitled to only 25 per cent of
the marital estate.  Husband also alleges the family court failed to divide
an asset that was found to have been transmuted into marital property.  We
affirm.[1]
FACTS
The parties married in 1971. 
At the time of the final hearing, all three children born of the marriage were
emancipated.  During the first ten and a half years of the marriage, Wife
worked as a teachers aide and school bus driver.  She later returned to
school, obtaining an undergraduate degree from Francis Marion College
in 1988 and a masters degree from the University of South Carolina in 1994. 
At the time of the final hearing, she was teaching first grade and was forty
hours from obtaining a doctorate degree in education.  Husband worked as a
maintenance supervisor in the hotel industry for the past 32 years. 
Husband earned more income than did Wife until her graduation from
college. 
On August 29, 2002, Wife filed for
divorce on the grounds of physical cruelty and habitual drunkenness.  She
also sought an equitable division of the marital property.  Husband
answered and counterclaimed for separate support and maintenance and an
equitable division of the marital property.
The family court granted Wife a
divorce on the ground of habitual drunkenness, finding Husbands condition led
to the breakup of the marriage and adversely affected the parties
financial condition.  In addition, the family court found the following
items were marital property: [R]eal estate located at 1272 Newman Branch Road
. . . valued at $8,400.00; real estate located at 1370 Newman Branch Road . . .
valued at $52,000.00; [Wifes] retirement account valued at $45,000.00; Safe
Federal Credit Union account balance  . . . valued at $8,791.13 and
various vehicles valued at a total of $24,850.00, bringing the total value of
the marital estate to $139,041.13.  After considering Wifes earnings
over the course of the marriage of $459,692.00 or 62.5 per cent, Husbands
earnings of $275,899.00 or 37.5 per cent, and other statutory factors, including
Husbands marital misconduct, the family court awarded Wife 75 per cent of the
marital estate and Husband 25 per cent of the marital estate.  With respect
to the equitable division, the family court divided all the assets in-kind
except for the marital home, which was to be sold with the proceeds divided in
proportion to the allocation.  In addition, Wife was to pay $13,170.00 from
her portion of the proceeds to Husband to effectuate the final division. 
This appeal followed.
LAW/ANALYSIS
1.  Husband first contends the
family court erred in finding Wife was entitled to a divorce on the ground of
habitual drunkenness.  We disagree.
Wife testified that, about nine
years before the final hearing, Husband would leave the house on Fridays,
Saturdays, and Sundays and come back in a rage for some reason.  She
further testified that, just before the parties separated, Husband would do this
five to six days a week, coming home drunk between ten and eleven oclock at
night from his job and then questioning her about who had been at the
house.  Wife also stated Husband would not allow her to sleep whenever he
came in drunk.  Specifically, she noted that (1) when Husband came in
drunk, he would rant and rave, slam, knock things down until he gets tired
and goes to sleep; (2) if she attempted to go outside to avoid the situation,
Husband would follow her; (3) if she sought refuge in her car, Husband would
threaten to burn the car up; and (4) when she stayed in the house, Husband would
follow her into every room and not allow her to sit in a chair or lie in a bed
to sleep.  Husbands behavior when drunk negatively affected Wifes job
because she had to rise early to go to work.  We hold this evidence is
sufficient to support the grant of a divorce to Wife on the ground of habitual
drunkenness.[2]
2.  We reject Husbands
argument that the family court erred in failing to award an in-kind distribution
of the marital property. 
The only asset not divided in-kind
was the former marital residence at 1272 Newman Branch Road, which was to be
sold and the proceeds divided between the parties according to percentage each
was to receive in the equitable division.  This asset was valued at
$52,000.00, which far exceeded the value of Husbands award in the marital
estate.  The family court was aware of Husbands preference to have the
home awarded to him in the distribution and asked Husbands attorney: 
If he had to pay her some money, some equity to get the marital home would he
have the means to do that?  Because it appears the Husband had no cash
assets of his own and because Wife received all the cash assets in the equitable
distribution, we hold the family courts decision to order a sale of the
marital residence was proper in view of the courts inquiry and the attendant
circumstances.[3]
3.  Husband next challenges the
family courts decision to award him only 25 per cent of the marital
assets.  We find no abuse of discretion.[4]
Here, the family court set forth
several reasons to support the percentage in the marital estate that it awarded
each party, namely (1) Husbands misconduct throughout the marriage, both with
regard to his habitual drunkenness and infliction of physical abuse; (2) the
fact that over the course of the marriage Wife earned 62.5 per cent of the
parties total income; and (3) the recognition that two of the assets in the
marital estate, the property at 1272 Newman Branch Road and a Black Farmers
Settlement, had originally been received by Wife.  Husband argues the
family court failed to consider the length of the marriage, the fact that Wife
earns almost twice what he earns, the fact that he was the primary breadwinner
during the early part of the marriage, and the fact that Wife had retirement
benefits and he did not.  The family court, however, stated it applied all
the statutory criteria for deciding how to apportion the marital estate; and,
although reasonable minds may differ as to what weight should be given to the
factors cited by Husband, we, as an appellate court, cannot say the family court
failed to give these factors proper consideration.[5] 
4.  Finally, Husband claims the
family court neglected to divide the $50,000 Black Farmers Settlement. 
We disagree.
The record shows Wife deposited the
funds into the parties Safe Credit Union account on July 21, 2000.  In
addition, Wife testified that the parties had spent most of the money to pay off
debts, remodel their home, repair one of Husbands vehicles, and help their
children.  In addition, she estimated that only about four or five thousand
dollars was left of the settlement when she filed for divorce.  Based on
these statements and the other evidence of record, it is reasonable to infer
that what remained of the settlement was in the Safe Credit Union account, which
the family court included as an asset in the marital estate and divided
accordingly. 
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ.,
concur.

[1]  Because oral argument would not aid the court in resolving
the issues on appeal, we decide this case without oral argument pursuant to Rule
215, SCACR.
[2]  See Fisher v. Fisher, 276 S.C. 375, 377, 278
S.E.2d 780, 781 (1981) (holding the wife established a prima facie
case of habitual drunkenness by proving the husband drank every weekend and
frequently during the week); Rooney v. Rooney, 242 S.C. 503, 505, 131
S.E.2d 618, 619 (1963) (noting habitual drunkenness as the fixed habit of
getting drunk; but it does not imply continual drunkenness); Simonds v.
Simonds, 229 S.C. 376, 384, 93 S.E.2d 107, 110 (1956) ([I]n order that a
divorce may be granted on the ground of habitual drunkenness, such must exist at
or near the time of the filing of the action for a divorce.).
[3]  See S.C. Code Ann. § 20-7-476 (Supp. 2004)
(authorizing the family court to sell property to effect an equitable
apportionment); Stevenson v. Stevenson, 295 S.C. 412, 415, 368 S.E.2d
901, 903 (1988) (stating the family court should first attempt an in-kind
distribution of the assets before forcing a sale; Fields v. Fields, 342
S.C. 182, 190, n.7, 536 S.E.2d 684, 688, n.7 (Ct. App. 2000) (noting an in-kind
distribution is unwarranted when the nature of the parties relationship to
the property would make it inequitable).
[4]  See Widman v. Widman, 348 S.C. 97, 110, 557
S.E.2d 693, 700 (Ct. App. 2001) (The apportionment of marital property is
within the discretion of the family court judge and will not be disturbed on
appeal absent an abuse of discretion.).
[5]  See S.C. Code Ann. § 20-7-472 (Supp. 2004) (listing
the criteria for equitable apportionment of marital property and stating that
the family court, in making the allocation, must give weight in such
proportion as it finds appropriate to all of the [equitable distribution
factors]).