THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Harry M.
 Snipes, Appellant,
 
 
 

v.

 
 
 
 Tammy R. Snipes, Respondent.
 
 
 

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2011-UP-479   
 Heard September 14, 2011  Filed October
26, 2011

AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED

 
 
 
 James D. Mosteller, III, of Barnwell, for
 Appellant.
 Mark John Devine, of Aiken, for Respondent.
 
 
 

PER CURIAM: Harry M. Snipes (Husband) appeals the family court's
 final order granting a divorce to Tammy R. Snipes (Wife) on the ground of
 habitual drunkenness and division of the parties' assets.  Husband argues the
 family court erred in (1) granting Wife a divorce on the ground of habitual drunkenness
 based on his use of prescription drugs; (2) failing to grant his motion for a
 continuance; and (3) including nonmarital property in the division of marital
 assets.  We affirm in part, reverse in part, and remand.  
FACTS
Husband and Wife married on
 September 16, 1995, and have one child together.[1] 
 At the time they married, Husband was thirty years old and Wife was twenty-three
 years old.  Husband had prior experience in industrial work but was not
 working at the time of the divorce hearing, and Wife had a high school degree
 and a cosmetology license to cut hair.  Wife also worked part-time for the
 United States Postal Service.  
Prior to the commencement of
 the divorce hearing, Husband moved to continue the case.  Husband stated he fired
 his attorney and attempted to obtain representation from legal aid but was not
 able to do so.  The family court noted Husband had over ninety days since the
 last hearing in the case to obtain another attorney and reminded Husband he had
 no absolute right to a free lawyer in a civil case.  Husband explained he did
 not have any money to hire another attorney and stated he wanted to establish
 that he was denied legal aid.  The family court proceeded to engage in a long
 colloquy with Husband, explaining Husband's duties in the case and denying his
 motion for a continuance.  
At the divorce hearing, Wife
 testified she sought a divorce on the ground of habitual drunkenness based on
 Husband's addiction to prescription medication.  Wife explained Husband had
 prescriptions for multiple pain medications because of three surgeries for
 injuries to his back and neck.[2]    Wife stated: "[Husband] was kind of out of it a lot of times.  He
 could sit in a chair and just go to sleep.  He could lay in the bed all day
 long and sleep.  Sometimes he would get aggravated or mad and just take a handful
 of pills."       
Wife explained that after
 Husband began taking his medication, he started to act differently, becoming
 mean and arguing with her about different issues.  Wife alleged Husband
 "took too much" of the medication for a period much longer than
 needed to recuperate from the surgeries and appeared "drunk" a lot of
 the time after he took the medication but admitted on cross-examination she did
 not know the amount of medication prescribed by the doctors for Husband.[3] 
 Wife testified she spoke to Husband about his addiction "and asked
 [Husband] to get help, [but Husband said he] did not have a problem and that
 [he] had to take that medication [and] could not live without that
 medicine."  
Regarding the marital
 property, Wife testified she and Husband lived in an old house on Husband's
 property for about a week until the utilities were connected to the mobile home
 she brought to the land.  Wife later purchased a 1997 Fleetwood mobile home in
 which the family resided.  Wife explained both mobile homes were placed on land
 owned by Husband before the marriage.  Wife stated Husband also "bought a
 lot of things and keeps them and the yard would look like a junkyard." 
 Wife testified she had the land and the property in the yard appraised at a
 value of $82,850.  On cross-examination, Wife admitted some of the property in
 the yard, including some of "the junk cars and things" were probably owned
 by Husband before they were married but maintained everything became marital
 property because it was commingled.  
The family court issued a
 final order granting Wife a divorce from Husband on the ground of habitual
 drunkenness.  The family court found: "[T]he evidence of witnesses who
 testified for [Wife] establishes that [Husband] abuses prescription drugs and
 is habitually intoxicated and impaired as a result of his abuse of those
 drugs."  Regarding the apportionment of marital property, the family court
 found the appraisal values assigned to the marital property were appropriate
 and adopted Wife's proposed division of the property awarding Husband $92,145
 and Wife $56,314.62 in marital property.  The family court also held:
 "[t]o balance the equities, [Husband] must pay the sum of $21,415.00 to
 [Wife]."  Subsequently, Husband filed a motion to alter or amend the
 judgment pursuant to Rule 59, SCRCP.[4] 
 After a hearing, the family court denied Husband's motion.  This appeal
 followed.    
STANDARD OF REVIEW
The appellate
 court reviews decisions of the family court de novo.  Lewis v. Lewis, 392 S.C. 381, 392, 709 S.E.2d 650, 655
 (2011). The appellate court generally
 defers to the factual findings of the family court regarding credibility
 because the family court is in a better position to observe the witness and his
 or her demeanor.  Id.  The party contesting the family court's decision
 bears the burden of demonstrating the family court's factual findings are not
 supported by the preponderance of the evidence.  Id.
LAW/ANALYSIS
I.  Habitual Drunkenness       
Husband
 argues the trial court erred in granting Wife a divorce on the fault ground of
 his habitual drunkenness.  We disagree.         
A divorce may be granted on
 the ground of "[h]abitual drunkenness; provided, that this ground
 shall be construed to include habitual drunkenness caused by the use of any
 narcotic drug." S.C. Code Ann. § 20-3-10(4) (1985).  "In order to
 prove habitual drunkenness, there must be a showing that the abuse of alcohol
 caused the breakdown of the marriage and that such abuse existed at or near the
 time of filing for divorce."  Epperly v. Epperly, 312 S.C. 411,
 414, 440 S.E.2d 884, 885 (1994).  "[O]ne need not be an alcoholic to be
 guilty of habitual drunkenness.  It is sufficient if the use or abuse of
 alcohol causes the breakdown of normal marital relations."  Lee v. Lee,
 282 S.C. 76, 79, 316 S.E.2d 435, 437 (Ct. App. 1984).  "Habitual
 drunkenness is the fixed habit of frequently getting drunk; it does not
 necessarily imply continual drunkenness."  Id. at 78-79, 316 S.E.2d
 at 437 (citing Rooney v. Rooney, 242 S.C. 503, 505, 131 S.E.2d 618, 619
 (1963)). 
In this case, Husband does
 not dispute he was using narcotic drugs prescribed by his physician.  Wife and
 her brother testified Husband was frequently intoxicated because of the
 medication, and Husband did not refute that testimony.  Wife observed that
 Husband "took too much" of the medication for a period much longer
 than needed to recuperate from his surgeries and would sometimes "grab a
 handful of pills" when he got aggravated or mad.  Wife testified she and
 Husband had a good marriage in prior years and she separated from Husband
 because he "had become addicted to prescription medicine."  Based on
 the evidence in the record before us, we affirm the family court's grant of
 divorce to Wife on the ground of habitual drunkenness.
II.  Continuance
Husband next alleges the
 family court erred in denying his request for a continuance the day of the
 final hearing.  We disagree.
The grant or denial of a
 continuance is within the sound discretion of the trial court and is reviewable
 on appeal only when an abuse of discretion appears from the record.  Moore v.
 Moore, 376 S.C. 467, 482, 657 S.E.2d 743, 751 (2008) (citing Bridwell v.
 Bridwell, 279 S.C. 111, 112, 302 S.E.2d 856, 858 (1983)).  The "appellate
 court will not set aside a court's ruling on a motion for a continuance unless
 it clearly appears there was an abuse of discretion to the prejudice of the
 movant."  Id. at 483, 657 S.E.2d at 751 (citing Townsend v.
 Townsend, 323 S.C. 309, 313, 474 S.E.2d 424, 427 (1996)).
The record demonstrates
 Husband had notice of the final hearing and had a period of ninety days in
 which to secure replacement counsel.  He did not notify the family court prior
 to the hearing that he was without counsel and would seek to continue the
 hearing.  Furthermore, Husband filed the action seeking alimony, and Wife was
 paying temporary alimony, which she sought to terminate.  Husband actively
 participated in the trial and cross-examined witnesses, and although this was a
 final hearing, the record shows Husband obtained replacement counsel, who filed
 a motion for reconsideration on his behalf.  Accordingly, the family court did
 not abuse its discretion in denying Husband's request for a continuance.
III.   Equitable Division
Finally, Husband contends the
 family court erred in including certain property in the marital estate for
 equitable distribution.  We agree.   
Husband's allegations center
 on three different pieces of property: (1) the land upon which the mobile homes
 were placed; (2) a house used briefly by the couple before they moved into the
 mobile homes they occupied; and (3) a collection of secondhand items purchased
 by Husband, including "junk cars" and other miscellaneous items.[5]  
Marital property is defined
 in section 20-3-630(A) of the South Carolina Code (Supp. 2010) as "all
 real and personal property which has been acquired by the parties during the
 marriage and which is owned as of the date of filing or commencement of marital
 litigation . . . regardless of how legal title is held."  However, the
 statute also lays out five exceptions to this general rule, stating several
 types of property constitute nonmarital property, including "property
 acquired by either party before the marriage."  S.C. Code Ann. §
 20-3-630(A)(2).    
The family court made no
 findings regarding whether the items at issue were marital or nonmarital although
 Wife testified Husband had purchased the old home and property and at least
 some of the junk cars prior to the marriage.  Therefore, we remand the issue of
 equitable division to the family court for a determination of what property is
 included or excluded in the marital estate and equitable apportionment in light
 of those findings. 
CONCLUSION
We affirm the family court's
 grant of divorce to Wife on the grounds of Husband's habitual drunkenness and
 we affirm the family court's denial of Husband's request for a continuance.  We
 reverse the family court's decision with respect to equitable distribution of
 the parties' assets and remand for a determination of what property is included
 in the marital estate and equitable apportionment. 
AFFIRMED IN PART, REVERSED
 IN PART, AND REMANDED.
FEW, C.J., and THOMAS and KONDUROS,
 JJ., concur.

[1]  The child is over eighteen and lives with Wife. 
 Wife did not seek child support payments at the divorce hearing and the issues
 of custody and child support payments are not being challenged by Husband on
 appeal.       
[2]  The record is not clear as to what pain medication
 Husband was prescribed, but Wife testified the list of medications included
 Oxycontin and Vicodin.  
[3]  Wife's brother, Herbert Cook, also testified at the
 divorce hearing and corroborated Wife's testimony about Husband appearing intoxicated
 while on the prescription medication.  
[4]  Husband represented himself during the divorce
 hearing but was represented by an attorney for purposes of the Rule 59, SCRCP,
 motion.  Husband is represented by the same attorney for purposes of his
 appeal.    
[5] We note Husband also raises a challenge related to
 his $5,000 contribution toward the 1997 Fleetwood mobile home.  However, this
 issue is not preserved for our review because it was not raised to the family
 court during the hearing or in a post-trial motion.  See Nicholson v.
 Nicholson, 378 S.C. 523, 537, 663 S.E.2d 74, 82 (Ct. App. 2008) (holding
 when the family court did not rule on an issue at trial and the party did not
 make a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate
 review).